## IN RE FERGUSON'S ESTATE.

No. 2549. Decided February 7, 1914. Rehearing denied March 11, 1914 (139 Pac. 438).

PARTITION—BY PROBATE COURT—ALLOTMENTS. In partitioning thirty acres of land among the widow and thirteen children of an intestate, a son who, by purchase, had become entitled to two shares was allotted a strip along the north side of the tract adjoining land owned by him. A purchaser entitled to seven shares was allotted a strip adjoining the son's strip on the south. She owned the land to the east of the tract, which she used as a suburban home. A stream ran through her land, through the strip allotted to the son for some distance, and thence into the land originally owned by him, where he had a number of fish ponds. The tract could be subdivided into parcels or lots suitable for suburban homes, and was more valuable for that purpose than for agricultural purposes, and for such purpose the stream would add materially to the value of the land through which it flowed. The only reason suggested for allotting the whole stream to the son was that his fish ponds might be detrimentally affected by the access of others to the stream. *Held*, that this was not a sufficient reason, and the tract should be so partitioned as to give the daughter her proportionate share of the stream; it appearing that she and the son were the only allottees who could make use of the stream.

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong*, Judge.

Proceeding for distribution of the estate of one Ferguson, deceased.

From the decree of final distribution and partition, Alice E. Moyle, one of the heirs, appeals.

MODIFIED AND REMANDED, WITH DIRECTIONS.

*Moyle and Van Cott* and *A. E. Moreton* for appellant.

*D. W. Moffat* for respondents, I. Martha Ferguson, et al.

FRICK, J.

This is an appeal from a decree of final distribution and partition made in the probate division of the district court of Salt Lake County. The facts necessary to an understanding of the questions involved are very simple.

The administrator of the estate, after fully administering the same, made his final report to the court as provided by our statute, and asked that the estate be distributed to the parties named in and in the proportions set forth in his petition. It appeared from the report that the deceased died seised of a parcel of land in Salt Lake County seventy-nine by sixty-two rods, less eight by ten rods out of the southwest corner, which he had sold. The parcel of which he died seised contained a trifle over thirty acres, and there were certain water rights appurtenant thereto. It also appeared that the deceased left surviving him his widow, who, under our statute was entitled to one-third in value of said land. It also appeared that the other two-thirds were to be divided into thirteen shares; that being the number of children who survived the decedent. Some of the children, however had disposed of their shares. For that reason, when the petition for final distribution came on for hearing, the land in question was to be divided into seven parts, including the part going to the widow. It was shown in the report that the parcel of land aforesaid was of a character, and was so situated, that it could be partitioned among the seven claimants aforesaid. Being unable to make partition without the aid of commissioners, the court, pursuant to Comp. Laws 1907, section 3958, appointed three commissioners, and they were directed to make partition, and to report their acts in the premises to the court. The commissioners apportioned the shares as directed by the court, and reported the allotments made by them. From their report, it appears that they apportioned the estate as follows: One-third thereof in value to the widow. This left twenty-six thirty-ninths to be divided into six parts. This was done by allotting to each one of four of the heirs two thirty-ninths, aggregating eight thirty-ninths. To Isaac Ferguson, another heir, and

who was entitled to two interests, there was apportioned four thirty-ninths. To Alice E. Moyle, who had purchased and thus succeeded to seven interests, there was apportioned fourteen thirty-ninths of the estate.

In quantity the land was divided thus: To the widow five acres in the southeast corner of the parcel, which constituted the old homestead. To three of the heirs 1.628 acres each. These three parcels were taken along the south side of the estate fronting on Eighteenth South Street. To another heir was allotted 3.443 acres in the southwest corner of the estate. This share was made larger than the other three because of the bad quality of the land. To Isaac Ferguson was allotted 3.95 acres, which gave him a strip all along the north side of the parcel of land belonging to the estate eight rods wide by seventy-nine rods in length. To Alice E. Moyle was allotted 12.834 acres, which gave her a strip 24.5 rods wide by seventy-nine rods long along and immediately south of the long strip allotted to Mr. Ferguson. In addition to the foregoing, she was also given a small strip fronting on Eighteenth South Street four rods, and extending back to her larger strip, a distance of 29.5 rods, which gave her access to Eighteenth South Street. After the commissioners' report was filed in the district court, the same was approved by it and confirmed, without notice to the interested parties. Immediately after the report was confirmed, Mrs. Moyle made an application to the court, in which she alleged that she felt aggrieved by the allotment made to her by the commissioners; that the same was in certain respects unfair and inequitable; that she had not received any notice respecting the time when the report of the commissioners would be considered by the court, or when it was filed, and therefore she had not been given an opportunity to file her objections thereto. Upon this application she asked that the order or decree confirming the report of the commissioners be vacated, that she be permitted to file her objections to the partition as made, and to produce evidence to sustain her objections. The court granted her application, and a time for hearing was fixed, at which time it heard all the evidence produced

by her in support of her objection to the partition as made, and also heard the evidence offered in support of the partition. After hearing the evidence, the court again confirmed the report of the commissioners, and entered a decree of final distribution and partition as outlined above. Mrs. Moyle, who, for convenience, will be. designated appellant, alone appeals.

The controversy arises entirely between her and Isaac Ferguson, and the cause thereof, briefly stated, is as follows: The appellant owns the land lying immediately to the east of the lands that were apportioned as aforesaid, and Ferguson owns the land lying immediately to the north. The appellant, it seems, uses most, if not all, of her land as a suburban home; while Ferguson uses at least a portion of his for fish culture. There is a creek or stream of pure mountain water which runs westerly through appellant's land, and as it leaves her land it enters the east end of the long strip which, by the commissioners, was allotted 'to Ferguson, and continues on said strip for a distance of 393 feet, at which point, in turning northerly, it enters the land originally owned by Mr. Ferguson, and then continues to flow in a northwesterly direction through the whole length of his land. This stream of water is approximately twelve feet wide, and flowed a distance of 393 feet on the land belonging to the estate, and the whole of which stream was allotted to Ferguson. Appellant insists that equitably she was entitled to a portion of the stream in question. He counsel have suggested that, in view that she was allotted seven-ninths of two-thirds and Ferguson two-ninths of two-thirds of the estate, she equitably is entitled to at least seven-ninths of that part of the stream which was subject to partition, namely, seven-ninths of the 393 feet.

We shall not set forth the evidence adduced at the hearing. It is all incorporated in the bill of exceptions, and we have carefully read all of it. It must suffice to say that the evidence makes clear that the property which was partitioned is so situated that it could be subdivided into parcels or lots suitable for suburban homes; that it is more valuable for that

purpose than for ordinary farming or fruit production; that a stream of fresh, clear mountain water adds very materially to the value of land through which it flows when such land is used for suburban homes; that no sufficient reason is shown why appellant should not have had allotted to her some portion of the stream, while there were a number of reasons adduced by the witnesses why she should be allotted at least her proportionate share thereof. Practically the only reason given by the commissioners why Ferguson was allotted all of the stream was because he was engaged in fish raising, and that he had fish ponds on the land originally owned by him lying immediately north of the strip which was allotted to him, and through a portion of which the stream in question flows. It was assumed by the commissioners that, if any one else was given access to the stream, such person might in some way interfere with the water flowing in the stream, which interference might detrimentally affect the fish ponds and the fish therein. Why any one would be permitted to interfere with Mr. Ferguson's water rights, if he has any in connection with his fish ponds, is not made to appear. Whatever rights he has in that regard are just as sacred, and will be protected by the courts precisely the same, whether he owns the whole or only part of the stream from which he apparently obtains his water for his fish ponds. He may not, however, under the guise of protecting his rights, claim more than he is equitably entitled to out of the estate. While, as against all of the interests except appellant's, in view of their location and surroundings, it is clear that Mr. Ferguson has obtained no advantage, yet, as against her, we are all clearly of the opinion that he has obtained an advantage which admits of easy correction. We can see no reason whatever why appellant should not have been given her proportionate share of the stream in question. The only ones of the allottees who can make use of the stream are Mr. Ferguson and appellant. Why should he be given an advantage which is denied to her? Appellant's witnesses testified, and it is not seriously questioned, that the land immediately along or adjacent to the stream in question is more

valuable for the use to which she proposes devoting it than for any other. While she does not concede that she has obtained an excess of ground, yet, in view of her contention that the land adjacent to the stream is more valuable than the other land, she has offered to surrender a part of the area allotted to her, if she be given access to the stream. This seems to us fair, just, and equitable, and we cannot see how any one can be injured, providing no allotments are disturbed except those of appellant and Mr. Ferguson. All the other allottees seem perfectly satisfied, and as to them we do not see how the commissioners could have made a fairer or more equitable partition.

Without going into further detail, and without showing further reasons—which are not wanting—we have concluded to modify the decree of partition entered by the court in the particulars hereinafter stated. In order to avoid all misunderstanding respecting the extent and manner of the modification, we, for the convenience of the court and all those interested, have attached to this opinion a pencil sketch in which we have outlined the boundaries, and have indicated the points showing the modifications. The sketch is not intended for publication as a part of this opinion, but is made only for the convenience of the interested parties, and to better illustrate and make clearer the modifications of the decree. By this modification appellant is allotted a strip in the northeast corner of the estate 300 feet in length by eight rods in width, which is a portion of the strip allotted to Mr. Ferguson in the original decree. This gives appellant 300 feet of the stream, which is within a foot or two of the seven-ninths of the two-thirds claimed by her, and leaves Mr. Ferguson ninety-three feet, which gives him a few feet in excess of his proportion. For this, strip of 300 feet by eight rods, Mr. Ferguson is given a strip off the west end of what is in the lower court's decree allotted to appellant. The strip we allot to Mr. Ferguson is 24.5 rods by 21.39 rods. This gives him 6.15 acres instead of 3.95 acres, and it will reduce appellant's acreage from 12.834 to 10.63 acres, while it leaves all the other allotments intact.

The description of appellant's allotment, as made by us, is as follows: Beginning at a point 16.72 rods west and twenty rods south from the northeast corner of the northwest quarter of section sixteen, township two south, one range east, S. I. M., which point is marked "a" on the pencil sketch aforesaid, and running thence west along the south line of Isaac Ferguson's original land 300 feet to a point marked "b" on the sketch; thence at a right angle south 132 feet to a point marked "c"; thence at a right angle west along the southerly boundary line of the eight-rod strip which, by the decree, is allotted to Isaac Ferguson 650 feet, more or less, to a point marked "d"; thence at a right angle south 24.5 rods to a point marked "e"; thence at a right angle east 25.49 rods to a point marked "f"; thence at a right angle south 29.5 rods to the north margin of Eighteenth South Street to a point marked "g"; thence east along the north margin of Eighteenth South Street four rods to a point marked "h"; thence at a right angle north 29.5 rods to a point marked "i"; thence at a right angle east 27.13 rods to a point marked "j"; thence at a right angle north 32.5 rods to the point marked "a," the place of beginning; and containing 10.63 acres, more or less. All of the courses and distances after the point "e" is reached are along the boundaries as given in the lower court's decree.

The portion allotted to Isaac Ferguson, as modified by us, is described as follows: Beginning 300 feet west of the point marked "a" on the sketch at the point marked "b" ("a" being the place of beginning of appellant's present allotment), and running thence south 132 feet to the point marked "c"; thence at right angles west 650 feet, more or less, to the point marked "d"; thence at right angles south 24.5 rods to the point marked "e"; thence at a right angle west 21.39 rods to a point marked "k"; thence at a right angle north 32.5 rods to a point marked "l"; and thence at a right angle east along the south line of said Isaac Ferguson's original land 1002 feet to the point marked "b," which is the place of beginning; and containing 6.15 acres, more or less.

We desire to state that the foregoing courses and distances are taken from Exhibit A which was introduced in evidence at the hearing, and which one of the commissioners testified correctly indicated the boundaries of the allotments as made by them, and as shown in their report, which was confirmed by the decree. In view that we have no official survey to guide us, we have adopted the courses and distances given by the commissioners, which we assume to be correct, and the modifications here made are based on said Exhibit A, and on the commissioners' report as it was confirmed by the decree. Some water rights were also allotted with each allotment. If, by the modification of the decree as made by us, it is necessary to reapportion the allotments of water rights as between Mr. Ferguson and appellant, the lower court is hereby directed to make the proper apportionment under the modified decree.

Since appellant's counsel have insisted that, in order to give their client an opportunity to subdivide the parcel allotted to her into lots for suburban homes, she should be given a longer frontage on Eighteenth South Street, we have taken the pains to indicate by dotted lines on the pencil sketch a method of division which will answer every purpose without additional frontage on said street. To give appellant such additional frontage is therefore not necessary. Moreover, to do so would work an injury or injustice to the owners of the smaller parcels. We desire to add that the only purpose we have in showing a method of dividing appellant's property into lots is to make clear that she can divide it just as well without as with additonal frontage on the street, and not with a view of having her follow our views with regard to that matter. The method we have suggested is by no means exclusive; but it illustrates that various plans can be adopted without the necessity of additional frontage on the street in question. Mr. Ferguson may also divide a portion of his allotment by merely extending the proposed street through his portion. If there is any advantage or profit, therefore, in subdividing the property for suburban

44 Utah—16

homes, all of the allottees, under our apportionment, may enjoy that advantage, something they could not have done before.

The decree of partition is therefore modified in the particulars hereinbefore indicated, and in all other particulars it is affirmed. The case is therefore remanded to the district court of Salt Lake County, probate division, with directions to vacate the decree as now entered, and to enter a decree as herein indicated, and to direct said commissioners to mark the portions herein allotted, and all other portions, on the ground as required by section 3958, *supra*. Neither party to recover costs on this appeal.

McCARTY, C. J., and STRAUP, J., concur.