William **BLONQUIST** and Helen Blonquist, his wife, Plaintiffs and Respondents,

v.

Alan D. **FRANDSEN**, Defendant and Appellant.

No. 18958.

Supreme Court of Utah.

Dec. 3, 1984.

**596**

Alan D. Frandsen, pro se.

Thomas R. Blonquist, Salt Lake City, for plaintiffs and respondents.

STEWART, Justice.

This is an appeal from a trial court's decree ordering the partition of a parcel of land held in cotenancy by the parties to this action. Defendant claims that the partition is not just and equitable.

The parcel in question is located in Park City, Utah, and contains approximately eleven acres. The parcel is shaped like a right triangle. The hypotenuse of the triangle borders a freeway. One of the other sides of the triangle lies adjacent to a residential area and the third side of the triangle lies adjacent to a commercially zoned area.

The plaintiffs' expert testified that the most equitable method for partitioning the property would be to divide the triangle into two equal smaller triangles. Although the defendant's expert supported another plan for partition, he conceded on cross examination that the plan proposed by the plaintiffs' expert and adopted by the trial court would be equitable.

■ The fundamental objective in a partition action is to divide the property so as to be fair and equitable and confer no unfair advantage on any of the cotenants. *Gillmor v. Gillmor*, Utah, 657 P.2d 736, 740 (1982); *In re Ferguson's Estate*, 44 Utah 234, 139 P. 438 (1914). An action for partition is an equitable action and although we may review questions of law and fact in an equity case, we will not

substitute our judgment for that of the trial court merely because we may·find a different result would be more appropriate. *Arthur v. Chournos*, Utah, 574 P.2d 723, 725 (1978). It is no evidence of inequity, as such, that one of the cotenants complains of unfairness once a decree of partition has been made. A court of equity is not likely to avoid all criticism by all parties in dividing property, no matter how fair and equitable it has been. In this case, we are not persuaded that the division was unfair.

■ The defendant's primary claim on this appeal is that the division is inequitable because of the possibility that the parcel which was allocated to plaintiffs and fronts on the commercial property will have better access and therefore greater value than the parcel allotted defendant. The defendant does not, however, cite any evidence that the parcel allotted to him is less desirable or less valuable. Defendant's own expert testified that the plot division accepted by the court was as good as any.

The plaintiffs, who were awarded the parcel which the defendant now claims is the more valuable, testified that they would be willing to accept either parcel. The defendant's assertion that the plaintiffs are somehow estopped by virtue of their testimony that they would be willing to accept either parcel and therefore must accord the defendant the right to make the selection, is without merit. The cases cited by the defendant are not on point. For example, in *Condas v. Condas*, Utah, 618 P.2d 491 (1980), we stated that when a party has obtained relief on the basis of a position taken in prior litigation, the party is subsequently estopped to assert an opposing position in another action. Plaintiff's position on appeal is not inconsistent with his position at trial.

■ Finally, defendant argues that the court's judgment dated March 23, 1981, directed the plaintiffs to "pay to defendant defendant's expenses to bring easternmost parcel to grade of westernmost parcel." Rather than paying the defendant for the

amount necessary to accomplish that objective as specifically directed by the judgment, the plaintiffs themselves had the work done after the entry of the trial court's decree. The defendant objected to plaintiffs' actions when he filed the motion to amend the judgment. No relief was granted.

The trial court's order was clear and unequivocal; the defendant was entitled to a money payment from the plaintiff so that the grading could be accomplished in a reasonable manner according to the directions of the defendant and not as the plaintiffs saw fit to do. Since the work was done after the conclusion of the trial, the record is devoid of the nature and extent of the work performed by the plaintiffs. Accordingly, we remand this case to the trial court for a determination of what amount, if any, is owed by plaintiffs to the defendant for the purpose of having the defendant's parcel graded in a manner that is in reasonable conformity with the intent and purpose of the decree if it is not now.

The decree of partition is affirmed; the case is remanded for further proceedings in accordance with this opinion. No costs.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.