No. 86-578

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

HUGH W. FRAME and AMERICAN ASPHALT,
INC., a Montana corporation,

        Plaintiffs and Respondent,

   -vs-

DAVID E. FRAME and MULLAN PROPERTIES,
a Montana general partnership,

        Defendants and Appellants.

---

APPEAL FROM: District Court of the Fourth Judicial District,
            In and for the County of Missoula,
            The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Garlington, Lohn & Robinson; Gary Chumrau & Clay D.
        Creps, Missoula, Montana

    For Respondents:

        Snavely & Phillips; Robert J. Phillips, Missoula,
        Montana

---

Submitted on Briefs: April 23, 1987

Decided: July 21, 1987

Filed: JUL 21 1987

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


Appellants David Frame and Mullan properties appeal an order of the Fourth Judicial District Court, Missoula County, granting an injunction to respondents Hugh Frame and American Asphalt, Inc. pending suit on their action for partition of real property owned by Mullan Properties.

The single issue raised on appeal is whether the District Court erred in granting an injunction prohibiting termination of respondent's lease pending partition of Mullan Properties' real property.

Plaintiffs/respondents Hugh W. Frame (Hugh) and American Asphalt, Inc. are involved in a sand and gravel and asphalt paving business in western Montana. Defendant/appellant David Frame (David) is a resident of Washington state. Defendant/appellant Mullan Properties is a Montana general partnership between Hugh and David. David has a two-thirds controlling interest in the partnership.

A brief history of this partnership is necessary. In September, 1981, there were three equal partners in Mullan Properties: David, Hugh and Arnold Mohl. These three men were also the principal shareholders of American Companies, Inc., the parent corporation of American Asphalt, Inc., American Line Builders and American Excavating. When American Asphalt needed a new gravel source in the Missoula area, the three men were advised to form a partnership which could purchase the real estate and lease it to American Asphalt. The resulting partnership was Mullan Properties which had, as its purpose, the acquisition of real estate that would constitute a long term gravel source for American Asphalt. As was intended, the partnership acquired, by

contract for deed, approximately 100 acres west of Missoula for a source of gravel. The property was purchased September 18, 1981. On September 30, 1981, the property was leased to American Asphalt.

The written lease agreement provided for a term of one year from the date of execution and granted American Asphalt the option to extend the term of the lease for four periods of one year each. American Asphalt exercised its option in each of the four succeeding years. The lease, by its terms, was to terminate on September 30, 1986.

In January, 1986, the three principals of American Companies decided to split up their operations. As a result of this split, David took as his own business American Line Builders, Inc., Arnold Mohl took American Excavating and Hugh took American Asphalt. There was no action to dissolve the Mullan Properties partnership. However, at that time and unbeknownst to Hugh, Arnold Mohl agreed to convey Mohl's partnership interest to David, giving David a two-thirds interest in Mullan Properties. Hugh received no notice of this transaction, though it involved amendment of the original partnership agreement. Hugh learned of the transaction in June 1986 when David's attorney wrote Hugh's attorney that there had been a transfer of interest from Arnold to David and that David, as owner of a two-thirds interest in Mullan Properties, did not intend to renew American Asphalt's gravel lease.

Because American Asphalt depended on the Mullan Properties gravel pit, had no other source for gravel and had entered roadwork contracts assuming the source would continue, American Asphalt and Hugh Frame sued for partition of the gravel property and for an injunction preventing termination of the lease until partition could be had. The District Court issued a preliminary injunction, with

subsequent modifications, restraining David and Mullan Properties from removing Hugh and his business from the portion of the gravel property used by Hugh under the terms of the lease. The District Court explained that the partition action would be ineffective if an injunction was not imposed to protect the property for an equitable division. It also ruled that Hugh had no adequate remedy at law, explaining that the potential for damage to his company was incalculable and arguably compensable while David would suffer little harm since a condition of the injunction was continuation of the lease payments.

One of the more significant conclusions drawn by the District Court was that it need not make a determination of ownership of title, as there was no dispute regarding ownership. The court explained that the parties conceded Hugh owned a one-third interest while David owned a two-thirds interest in Mullan Properties. This concession is central to the conclusion we draw in this case.

David argues that an injunction is not available as a remedy when litigation involves title to, or possession or use of real property. Davis v. Burton (1952), 126 Mont. 137, 246 P.2d 236. David asserts that the original action brought by Hugh was for an injunction and that the District Court tacitly and wrongfully litigated the right to possession of the real property under the guise of granting an injunction. David argues the law stated in Jeppeson v. State Department of State Lands (1983), 667 P.2d 428, 431, 40 St.Rep. 1272, 1275 applies here:

> Even though an injunction in this case would not automatically vest title to the leasehold interest in the appellant, it would have the practical effect of doing so. And, where the practical effect of an injunction is to oust one party from

> possession of a real property interest and vest it in another, the remedy is still not available. (Citations omitted.)

David explains that, but for the injunction, the lease term would have expired and Hugh would be off the property. Therefore, the injunction effectively litigated the right of possession of the partnership's property, in violation of "an old rule in Montana that title to, or possession of, a real estate interest may not be litigated in a suit for injunction." Id. at 430, citing Davis v. Burton, 126 Mont. at 139, 246 P.2d at 237.

We accept David's argument insofar as it applies to title for real property. However, title to the real property owned by the partnership is not at issue here. As the District Court explained, there is no dispute between the parties as to ownership. The parties agree that Hugh maintains a one-third ownership in the real property and that David maintains a two-thirds interest. This concession renders inapplicable the rule established in Jeppeson and Davis, supra, because those cases involve ousting leaseholders from possessory interests where they have no right or title. The leaseholder in our case is a partner with right to title in the property.

David's argument focuses all attention on the language in the complaint requesting an injunction, though he tacitly concedes that the complaint also requested partition. The complaint read:

> This is a complaint for partition of real property under Chapter 29 of Title 70 of the Montana Codes Annotated as well as an action for an injunction, both permanent and pending litigation.

Partition is an equitable action in which the court has great flexibility in fashioning appropriate relief for the parties. Cummings v. Anderson (Wash. App. 1979), 590 P.2d

1297; Chesmore v. Chesmore (Okla. 1971), 484 P.2d 516; DeMik v. Cargill (Okla. 1971), 485 P.2d 229; 68 C.J.S. § 62(b) (1950). The fundamental objective in a partition action is to divide the property so as to be fair and equitable and confer no unfair advantage on any of the cotenants. Blonquist v. Frandsen (Utah 1984), 694 P.2d 595.

An injunction is an equitable remedy. Section 27-19-101, MCA. Preliminary injunctive relief is proper when it appears that "the commission or continuance of some act during litigation" will produce irreparable injury to the applicant. Section 27-19-201(2), MCA. A court of equity may, in a partition proceeding, grant an injunction to preserve the property pending the proceeding. Rainey v. H. C. Frick Coke Co. (W.D. Penn. 1896), 73 F. 389.

> . . . if mining were allowed the court would be confronted by a shifting state of facts and values, which, in its confused and confusing nature, could afford no stable ground on which to base an intelligent, equitable and just decree.
>
> * * *
>
> The prompt use of its plenary powers to prevent these mischiefs at the outset of the case, rather than to cure them at the close, is a course which better commends itself to the sound discretion of a court of chancery. By preserving the status in quo--one of the most beneficial branches of equity jurisdiction--we avoid confusion and all danger of injustice, and insure a speedy, plain, and practical method of arriving at a proper decree.

Id. at 392.

In addition to the reasons given by the District Court to sustain the injunction, it is plain that Hugh as a partner has an equal right with David to possess the partnership property for partnership purposes. Section 35-10-502, MCA. One of the partnership purposes in executing the lease to American Asphalt, Inc., was to provide monies sufficient to

- 6 -

enable the partnership to make payments to the seller of the gravel property under the contract for deed. By the injunction, the District Court preserved the real property for the partnership by ensuring that the underlying contract for deed should not be terminated for default in payments.

The District Court found that Hugh and American Asphalt had no adequate remedies at law pending outcome of the action for partition. In the court's opinion, an injunction was necessary to preserve and protect the status quo. It found that money damages would not be sufficient to replenish what could be lost if injunctive relief were not granted. The District Court also found no evidence of harm to David or Mullan Properties in allowing Hugh and American Asphalt to maintain continued possession under the terms of the then-expiring lease.

The granting of a preliminary injunction is in the discretion of the trial court, and we will not interfere with the exercise of this discretion unless manifest abuse is shown. Smith v. Ravalli County Board of Health (Mont. 1984), 679 P.2d 1249, 41 St.Rep. 716. We find no manifest abuse of discretion in the District Court's ruling.

Affirmed.

John L. Sheehy
Justice

We Concur:

L. A. Turnage
Chief Justice

John Conway Harrison

- 7 -

William E Hunt

L. C. Gulbrandson

R. C. McDonough

Justices