No. 88-624

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

CANYON CREEK EDUCATION ASSOCIATION,
affiliated with the Montana Education
Association and KAREN TINNES,

        Plaintiffs and Appellants,

  -vs-

BOARD OF TRUSTEES, YELLOWSTONE COUNTY
SCHOOL DISTRICT NO. 4,

        Defendant and Respondent.

'90 JAN 11 AM 10 54
FILED
ED SMITH CLERK
MONTANA SUPREME COURT

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Emilie Loring; Hilley & Loring, Missoula, Montana

    For Respondent:

        Charles E. Erdmann; Erdmann & Wright, Helena, Montana

Submitted on Briefs: Nov. 21, 1989

Decided: January 11, 1990

Filed:

_____
                Clerk

Justice R. C. McDonough delivered the Opinion of the Court.


This is an appeal from a judgment of the Thirteenth Judicial District, Yellowstone County, finding that the Respondent, Board of Trustees, did not breach the terms of the Collective Bargaining Agreement entered into with the Appellant, Canyon Creek Education Association. We find that the District Court was without jurisdiction to hear the matter and therefore remand for dismissal without reaching the substantive issues concerning breach of contract.

The sole issue on appeal is:

Whether the District Court has jurisdiction to hear and decide an action alleging breach of a collective bargaining agreement, when the plaintiff has not first brought the case before the County Superintendent.

Karen Tinnes (Mrs. Tinnes), the plaintiff in this action, had been employed by the School District as a nontenured substitute teacher and as a teacher's aid in the 1983-84 school year. In the 1984-85 and 1985-86 school years, she had been employed as a full time teacher.

In the spring of 1986, it became evident to the School Board that the School District was facing financial uncertainty for the upcoming school year. State funding was reduced and an attempt to pass a local mill levy had failed. Due to such financial problems, the School Board decided to meet on March 26, 1986, at a special meeting to address the status of the nontenured teachers. A two day notice of the meeting was given. At the meeting, the financial status of the District was discussed and a decision was made not to renew nontenured teachers. A letter was sent to all nontenured teachers, including Mrs. Tinnes who was not present at the meeting, informing them of the Board's action.

Eventually Mrs. Tinnes was recalled to fill a one-quarter time position for the 1986-87 school year. She was not, however, recalled to fill six other positions which opened during the year. Three of these positions--an elementary counselor, a seventh grade school teacher, and a music teacher, required special endorsements or experience which Mrs. Tinnes did not have. However, she was qualified to fill the other three positions. She was not given an opportunity to fill these positions because the District decided to fill them with a teacher who had prior experience teaching in the grades where the openings occurred.

In 1987, the District was again experiencing financial difficulties and uncertainty. The Board met without giving any type of notice to the nontenured teachers on February 16, 1987 to determine their status. The decision was made to non-renew their contracts. Later in 1987, as the financial situation for the District stabilized, the District recalled and hired new teachers for various positions. Mrs. Tinnes was not among those recalled.

Following her non-renewal in 1986, Mrs. Tinnes filed a complaint in District Court alleging that the School Board had breached the Collective Bargaining Agreement entered into by the School District and the teachers association. In December of 1987, she filed an amended complaint which contained additional allegations for the 1987-88 school year. Trial was held on July 12, 1988 and the District Court found in favor of the School District. This appeal followed.

On July 12, 1988, the same day that trial was held on this case, this Court issued a decision in Throssell v. Board of Trustees (Mont. 1988), 757 P.2d 348, 45 St.Rep. 1228. In Throssell, we held that under § 20-3-210, MCA, the County Superintendent must hear and decide all matters of controversy arising as a result of decisions of the Board of

3

Trustees. Section 20-3-210, MCA, states in pertinent part that:

> . . . the county superintendent shall hear and decide all matters of controversy arising in his county as a result of decisions of the trustees of a district in the county.

In Throssell, the plaintiff relied upon McBride v. School District No. 1 (1930), 88 Mont. 110, 290 P. 252, in support of his position that actions for money owed pursuant to a contract are not contemplated within the meaning of § 20-3-210, MCA. In McBride, this Court held that when a teacher brings an action for a money judgment based upon breach of contract, the rule of exhausting one's administrative remedies does not apply. McBride, 290 P. at 254. The plaintiff in Throssell argued that because his complaint sought solely monetary damages, the rule of McBride applied.

We disagreed and held that as a general rule a claimant in the school system must exhaust his administrative remedies before filing a complaint or petition in District Court. Throssell noted this general rule has three limited exceptions. These exceptions are situations where state agencies have been directly granted primary jurisdiction, where the matter is governed by a specific statute or where the Board has acted without or in excess of its jurisdiction. Throssell, 752 P.2d at 349-50. Because the plaintiff's cause of action in Throssell did not come under any of these exceptions, we held the District Court had no jurisdiction.

The case now before us involves two Collective Bargaining Agreements. The first agreement was effective between June 30, 1984 and June 30, 1986 and was in force when Mrs. Tinnes was non-renewed in 1986. The second agreement was effective from July 1, 1986 through June 30, 1988. This

Collective Bargaining Agreement was applicable to the 1987 non-renewal.

Following her non-renewal in 1986, Mrs. Tinnes filed an appeal before the Yellowstone County Superintendent of Schools. In this matter, she alleged that the reasons given by the School Board for her non-renewal were not true. The Superintendent found in favor of the School District on July 14, 1986, and dismissed the appeal.

Mrs. Tinnes continued, following this ruling, to pursue her administrative remedies, on the grounds stated, and appealed to the State Superintendent of Public Instruction. However, on November 17, 1986, she also filed the District Court action now on review, alleging breach of contract, due to the School District's failure to comply with notice and layoff-rehire provisions in the Collective Bargaining Agreement. The complaint was amended in December of 1987 to include breach of contract allegations arising out of the 1987 non-renewal. The State Superintendent, on April 6, 1987, affirmed the decision of the County Superintendent and dismissed Mrs. Tinnes' administrative appeal.

From the above facts, it is apparent that the District Court did not have jurisdiction to hear Mrs. Tinnes' complaint. The action before the lower court was based upon completely different theories than that presented to the County Superintendent for the 1986 non-renewal and were never presented for administrative review. Furthermore, the allegations arising out of the 1987 non-renewal also were never presented for administrative review.

In light of Throssell, in order for the District Court to have jurisdiction, it is necessary for the litigant to exhaust her administrative remedies. Accordingly, we hold that the District Court was without jurisdiction to hear Mrs. Tinnes' complaint and the complaint is to be dismissed.

As a final point, we note that Mrs. Tinnes relies heavily upon McBride in support of her theory that she need not exhaust her administrative remedies before filing her complaint in District Court. This confusion on her part may be partly caused by our failure to affirmatively overrule McBride in Throssell. Therefore, in order to prevent further confusion, we hereby affirmatively overrule McBride, and hold that unless a claimant's cause of action falls under the three exceptions enumerated in Throssell, he/she must present his/her claim to the County Superintendent, invoking and completing the administrative process first before resorting to the courts.

Remanded for dismissal.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices