NO.   93-137

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993


ROBERT McLEAN, JR., on behalf
of ROBERT WAYNE McLEAN,

        Plaintiff and Appellant,

    -v-

COLSTRIP  PUBLIC  SCHOOLS,  SCHOOL
DISTRICT #19, ROSEBUD COUNTY,
MONTANA,  COLSTRIF,  MONTANA,

        Defendant and Respondent.

FILED

AUG 3 1 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Rosebud,
               The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Marvin W. Quinlan, Jr., Forsyth, Montana

        For Respondent:

        Gary L. Day, Lucas & Monaghan, Miles City, Montana


                        Submitted on Briefs:   August 19, 1993

                                 Decided:   August 31, 1993

Filed:


_____
            Clerk

Justice James C. Nelson delivered the Opinion of the Court.

This is an appeal from an Order of the Sixteenth Judicial District Court, Rosebud County, Montana, dismissing the plaintiff's complaint. We affirm.

The issue is whether the District Court properly dismissed the plaintiff's complaint due to his failure to exhaust all administrative remedies prior to filing an action in the District Court.

On November 9, 1992, Robert McLean, Jr. (McLean) wrote a letter to Carol Wicker, the principal of Colstrip High School. McLean wanted to know if his son, Robert Wayne McLean, was eligible to play basketball in the 1992-93 season. Ms. Wicker wrote McLean on November 13, 1993, and indicated that McLean's son was academically ineligible. On November 23, 1992, McLean and his son attended a Colstrip School Board meeting, wherein a hearing was held regarding McLean's son's eligibility to play basketball. After this hearing, the School Hoard upheld Ms. Wicker's determination that McLean's son was academically ineligible to play basketball. McLean did not file an appeal of this decision. Rather, on November 25, 1992, McLean, on behalf of his son, filed a complaint in the Rosebud County District Court.

The complaint requested that a temporary restraining order be issued requiring the Colstrip Public Schools to allow McLean's son to try out for basketball at Colstrip High School. McLean also requested that a hearing be set as quickly as possible to determine whether a permanent injunction should issue. The District Court

declined to issue a temporary restraining order, but held a hearing on McLean's request for injunctive relief on December 28, 1992. On December 29, 1992, the District Court filed its Findings of Fact, Conclusions of Law, and Order. The Order denied McLean's request for injunctive relief, finding that he had failed to exhaust his administrative remedies, and dismissed his complaint. From this dismissal, McLean appeals.

Our standard of review in this case is whether the District Court abused its discretion in dismissing McLean's complaint. Frame v. Frame (1987), 227 Mont. 439, 444, 740 P.2d 655, 659.

Section 20-3-210, MCA, states:

(1) Except as provided under 20-3-211, the county superintendent shall hear and decide all matters of controversy arising in his county as a result of decisions of the trustees of the district in the county. Except as provided in subsection (2), exhaustion of administrative remedies under this chapter is required prior to filing an action in district court concerning a decision of the trustees. . . .

"Trustees", as discussed in § 20-3-210, MCA, is defined as "the governing board of a district." Section 20-1-101(21), MCA. Here, the governing board of the Colstrip School District is the Colstrip School Board. Therefore, unless the exceptions under § 20-3-210, (2), MCA, are met, any decision of the School Board must first be appealed to the county superintendent prior to proceeding to district court. See : Throssell v. Bd. of Trustees (1988), 232 Mont. 497, 757 P.2d 348; Canyon Creek Educ. Assoc. v. Bd. of Trustees (1990), 241 Mont. 73, 785 P.2d 201.

Exhaustion of administrative remedies is not required if (1) a state agency has been granted primary jurisdiction over the

3

matter; (2) the matter is governed by a specific statute: or (3) the board of trustees has acted without jurisdiction or in excess of its jurisdiction. Section 20-3-210(2), MCA. Here, none of these exceptions apply: no state agency has been granted primary jurisdiction, the matter is not governed by a specific statute, and the Colstrip School Board was acting well within its jurisdiction when it upheld Ms. Wicker's determination that McLean's son was academically ineligible to play basketball for the 1992-93 season.

Throssell and Canyon Creek are directly on point and control in this case. "In order for the District Court to have jurisdiction, it is necessary for the litigant to exhaust [his] administrative remedies." Canyon Creek, 785 P.2d at 203. Therefore, because McLean's cause of action did not fall under the three exceptions of § 20-3-210(2), MCA, he must present his claim to the county superintendent, and completely exhaust his administrative remedies before resorting to the District Court.

The decision of the District Court is affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

4

John Conway Harris

Karla M. Gray

Justices