No. 84-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

PRYOR SCHOOL DISTRICT NOS. 2 & 3,
BIG HORN COUNTY, MONTANA,

Appellants,

-vs-

THE SUPERINTENDENT OF PUBLIC
INSTRUCTION, STATE OF MONTANA,
AND BRUCE YOUNGQUIST,

Respondents.

---

APPEAL FROM:   District Court of the Thirteenth Judicial District,
               In and for the County of Big Horn,
               The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

        Jock B. West argued, Billings, Montana

        For Respondents:

                John W. Larson; Richard W. Bartos argued, Office of
                Public Instruction, Helena, Montana
                Davidson, Veeder, Broeder, Poppler & Michelotti;
                Doris M. Poppler argued, Billings, Montana

---

                        Submitted: August 22, 1985

                        Decided: September 18, 1985

Filed: SEP 18 1985

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The appellant, school district, discharged the respondent, Youngquist, from his job as principal. Administrative appeals resulted in reinstatement and compensation. An appeal to District Court resulted in affirmance. All parties appeal. We affirm.

The respondent, Bruce R. Youngquist, was a "nontenured" principal employed by the appellant, Pryor School District. He was an elementary school principal for the school year 1981 and 1982. He was the elementary and high school principal for part of the 1982 and 1983 school year.

On December 11, 1982, the respondent had taken a group of teachers and students to a ball game in Laurel, Montana. He was the supervisor for the school and had responsibility for the gate and concession receipts. On his return trip to Pryor he was injured in an automobile accident and reported that he would be absent from school the following Monday.

When respondent returned to school on December 14, 1982, a confrontation took place between respondent and the school superintendent concerning the gate and concession receipts from the ball game. The administrative hearing at county level resulted in a finding that this "confrontation" occurred in the confines of the superintendent's office, was not heard by anyone else, and what was said was reasonable and justified in the face of the accusatory nature of the superintendent's inquiry.

Immediately following this "confrontation" another incident occurred where the respondent addressed the senior class at a meeting. This meeting resulted in a physical confrontation between the respondent and a student. The

administrative hearing at county level resulted in a finding that the respondent acted reasonably in protecting himself from the aggressor student.

For these two incidents, and another incident, which occurred over a year prior, during which the respondent allegedly spanked an elementary student, the respondent was discharged. The administrative hearing resulting in a finding that the spanking incident did not occur at all.

The appellant, school district, alleges that there are "facts" not in the record that should have been evidence in this action. All of these "facts" occurred during the incidents for which the respondent was discharged. It is alleged that the respondent was insubordinate, could not control his temper, used obscenities to express his anger, used improper language to students, was deceitful, and struck a student in the face with a closed fist.

This case commenced when the superintendent of the appellant school district recommended to the board of trustees of the school district that respondent Youngquist be discharged. The board of trustees suspended the respondent. A later hearing resulted in discharge. The suspension and discharge were based on the following charges:

> 1. During the morning of December 14, 1982, you were unable to control your temper, lost your composure and were insubordinate to the Superintendent during your discussion with the Superintendent concerning the handling of the concession stand and gate proceeds of the Lodge Grass basketball game which was played in Laurel during the preceding week. As a result of your inability to control your temper and maintain your composure as high school and elementary principal, you publicly shouted obscenities at the Superintendent. Said obscenities were done in a public area within the hearing and observation of the high school students which you supervise and set an example for.

2. That, on December 14, 1982, while in another fit of anger, you used language that is not morally proper nor acceptable for an individual in your position of trust and authority, in the class room, in the presence of the Senior class. Such language should not be used with impressionable students.

3. That, on December 14, 1982, during a fit of rage and anger, you disregarded the personal safety of a female student by striking said student with your closed fist, in the face, and resultantly bruising and injuring the girl and further, by physically forcing said girl to her knees and holding her there.

4. That during the fall of 1981 you inflicted bodily harm on a kindergarten student. That, when questioned by the Superintendent you angrily denied that this event happened. In your anger you purposely and deceitfully misled the Superintendent in that you later admitted that the incident did happen.

The respondent appealed to the county level superintendent. The Big Horn County superintendent was disqualified and a superintendent from Yellowstone County was substituted. An administrative hearing was held. The county superintendent found that:

1. In regard to the alleged insubordination . . . the incidences that occurred during this time were provoked by the Superintendent's implied accusations of dishonesty and Bruce Youngquist was not proven unfit or insubordinate in his discussion with the Superintendent on December 14, 1982.

2. That in regard to . . . language used in the Senior Class meeting by Mr. Youngquist was not proven to be obscene and could not be considered morally improper or indecent under the facts and circumstances offered as proof.

3. That in regard to . . . Bruce Youngquist acted within his statutory authority to restrain a defiant student and did what was necessary to control a volatile situation . . ..

4. The seriousness of the spanking incident is diluted to one of insignificance because of the one and one half year inattention, even if the incident did occur as alleged. I find the incident, according to the evidence, did not occur.

The county superintendent found that there was not "good cause" for dismissal. He ordered reinstatement and

- 4 -

compensation at the contract rate for time lost pending appeal.

The appellant, school district, then appealed to the state superintendent. The appellant assembled affidavits from witnesses that had not testified at the county level. The state level administrative hearing resulted in an affirmance of the county level decision. The state superintendent stated that the affidavits that the school district sought to present as new evidence were not subject to cross examination and should not be admitted as part of the evidence or record. The state superintendent concluded that a full and fair hearing was had at county level and that the substantial rights of the appellant, school district, were not prejudiced by that procedure. The state superintendent also denied respondent's request that attorney fees be included in costs.

The state superintendent stated in part:

A review of the affidavits submitted to this State Superintendent for consideration reveals that the opposing party did not have an opportunity for cross examination in these matters, nor were they subject to the bright light of cross examination. Witnesses were presented on both sides of all major issues and subjects supplemented by affidavits to the State Superintendent. Many of the affidavits themselves are questionably presented. Several of the affidavits have writing on them different from the typewriting. Others were cut and pasted together, statements were pasted over prior statements. Affidavits were done in haste with liquid whiteout deleting sections of the affidavits. The State Superintendent will not permit the administrative appeal process to be burdened by nonsupportive affidavits submitted after the de novo hearing. The discretion to submit additional affidavits or additional material is left totally within the discretion of the State Superintendent. See Section 20-3-107, MCA. The State Superintendent, after reviewing the extensive and exhaustive hearing transcript and the documents and exhibits which were introduced at the hearing, finds that it is not necessary to supplement the hearing or the record with additional affidavits and statements where opposing

counsel does not have the opportunity to question the same.

. . .

The incident regarding the female pupil was described in exhaustive testimony by many parties. After examination and cross-examination, the two principal parties to the altercation, the pupil and Respondent, gave consistent testimony. Their description of the incident coincided very closely. The other witnesses also testified to the best of their ability, and the County Superintendent as the trier of fact spent fourteen hours listening to this testimony. His findings, again, clearly set out his reasons for this decision.

An appeal to the District Court resulted in an affirmance of the administrative decisions. The District Court concluded that the state superintendent correctly reviewed the county level decision and correctly used discretion in not allowing additional evidence. The District Court concluded that there was ample, reliable, probative, and substantial evidence present at county level.

All parties appeal. The appellant school district appeal from the denial by the District Court to order additional evidence be taken. The respondents and cross-appellants, state superintendent and Youngquist, appeal from an alleged change in the award, and Youngquist, alone, raises matters concerning attorney fees.

Four issues are presented:

1. Whether the District Court erred in denying appellant's motion for remand to the county superintendent for taking additional evidence.

2. Whether the District Court erred in modifying the county and state superintendents' award to Youngquist.

3. Whether attorney fees should be assessed as additional damages.

4. Whether the contingency fee agreement for attorney fees is reasonable.

The first issue is raised by the appellant school district. It is whether the District Court erred in denying appellant's motion for remand to the county superintendent for taking additional evidence.

The appellant, school district, argues that because the respondent, Youngquist, changed his version of the facts surrounding his confrontation with the student the appellant was "surprised" at the county level hearing. It is argued that this is good cause for not having presented certain material evidence. The appellant argues that fairness and due process warrant a remand to county level.

The respondents, state superintendent and Youngquist, argue that the county level hearing was conducted in compliance with administrative rules. It is argued that each party had a full opportunity to present evidence and conduct cross examination. Respondents argue that no remand was justified or required.

All parties have made some reference to Yanzick v. School District No. 23 (Mont. 1982), 641 P.2d 431, 39 St.Rep. 191. In Yanzick, a tenured teacher was discharged for lack of fitness and moral values. The teacher had been discussing abortion with and displaying fetuses to young students in an indiscrete manner and without authority. Although Yanzick sets forth many legal principles that generally apply to the case now before the Court, it has little direct bearing on the issue presented here.

All parties correctly state that Yanzick held that in the appellate levels of an administrative hearing, including judicial review, there can be no substitution of judgment for

- 7 -

the determination made at the county level. However, as the appellant, school district, points out, substitution of judgment is not an issue here. The issue here is whether additional evidence should be received.

Upon application prior to a proceeding in judicial review of an administrative determination the District Court may order that additional evidence be taken before the agency. This may occur if the District Court is satisfied that the additional evidence is material and that there were good reasons for failure of a party to present it in the proceeding before the agency. Section 2-4-703, MCA.

The appellant, school district, did apply for leave to submit additional evidence pursuant to § 2-4-703, MCA. Memoranduma pertaining to this application were submitted by both parties. The affidavits that the appellant sought to introduce were also before the District Court. The District Court denied the application without stating reasons why.

However, the District Court did ultimately find and set forth in its conclusion that the state superintendent correctly used its discretion when previously denying appellant's request to submit additional evidence. The state superintendent had found that the affidavits were not subject to cross-examination and were of questionable quality with varying type print, cut and pasted statements, and use of "whiteout." The state superintendent found that the affidavits were unnecessary to supplement the thorough hearing at county level.

The District Court did not err in denying the appellant's motion to order receipt of additional evidence. The county-level hearing was a thorough hearing. Eyewitnesses to the incidents testified and the testimony was

consistent. Based on the record the evidence supports the county level decision and the state and District Court conclusions on this issue.

Part of the evidence that the appellant, school district, sought to submit was a statement made by respondent, Youngquist, to Harvey Sorrells, a deputy sheriff of Big Horn County. The statement allegedly included an admission that Youngquist had struck the student. The remaining affidavits were mostly from persons that had heard statements by Youngquist after the incidents for which he was discharged. All the parties to this action were represented by attorneys. They knew the evidence needed to establish their respective burdens. All of the evidence was available prior to hearing.

We hold that the District Court did not err in denying the appellant's motion to order receipt of additional evidence. Furthermore, we believe that the requested evidence would add little to the already thorough hearings.

The second issue is raised by the respondents and cross appellants, state superintendent and Youngquist. It is whether the District Court modified the county and state superintendent's award and, if so, did it err in doing so.

The appellant, school district, argues that the county superintendent's award applies only to the 1982-1983 school year. They argue that the termination of Youngquist's contract was for all future years beyond the 1982-1983 controversy. It is argued therefore that the District Court did not modify the award but affirmed the county level decision.

The respondents argue that the county level hearing resulted in reinstatement and award at the contract rate for

time pending all appeals and that "contract rate" includes salary and contractual fringe benefits. They argue that the state superintendent affirmed this decision and award. They argue that the District Court erroneously modified the award to include only salary for the 1982-1983 year. They argue that the award due is salary and fringe benefits for all time pending all appeals and reinstatement at this time too. They argue that Youngquist was never terminated and his contract and statutory right to this job still exists.

The issue here centers around what the award at county level actually was and what it should be now. The county superintendent concluded that:

> Youngquist is entitled to reinstatement as principal . . . and he must be compensated at his contract amount for the time lost during the pending appeal.

This order was made February 18, 1983, approximately one month after Youngquist had been terminated as principal.

The appeal to the state superintendent resulted in the following affirmance:

> Respondent requested . . . in addition . . . payment of attorney fees.. . . Such attorney fees request is denied and the County Superintendent's decision is affirmed.

This decision was made September 28, 1983, approximately one month into the school year following the one during which Youngquist was discharged.

Judicial review of the agency action resulted in the following order: "the decision of the Superintendent . . . be and hereby is, affirmed." This order was issued June 20, 1984, after the completion of the school year following the year in which Youngquist was discharged.

The order by the District Court was accompanied by a conclusion of law which stated:

> [T]he principal should be reinstated and his back
> pay made to him at his contract rate plus
> increments for the time lost during the pending
> appeal to date.

The appellants moved to have this conclusion amended by striking "plus increments for the time lost during the pending appeal to date." It was argued that this phrase went beyond the intended order. After hearing on the matter the District Court granted the motion.

Then the District Court issued judgment in the case. The judgment affirmed the state superintendent, reinstated Youngquist, and set forth the amount due to Youngquist, $14,242.03, set out as follows:

$12,579.24  salary for 1982-1983 school year
   849.80  social security contribution
   812.99  teacher's retirement contribution

In addition Youngquist was to receive 10 percent interest on the salary to date and $804.25 for costs.

The proper award in this instance is codified in § 20-4-207(2), MCA:

> If the county superintendent . . . determines that
> the dismissal . . . was made without good cause, he
> shall order the trustees to reinstate such teacher
> and to compensate such teacher at his contract
> amount for the time lost during the pending of the
> appeal.

However, the years for which the award applies is affected by the following statute applying to nontenure teachers:

> 20-4-206. Notification . . . (1) The trustees
> shall provide written notice by April 15 to all
> nontenure teachers who have been reelected. Any
> nontenure teacher who does not receive notice of
> reelection or termination shall be automatically
> reelected for the ensuing school fiscal year.

Here, Youngquist is a nontenured teacher. It is clear that the trustees elected to terminate his contract and, by the school district's pursuit of the matter on appeal, it is

- 11 -

also clear that Youngquist would not be re-elected for subsequent years. We hold that the District Court properly limited the award to the 1982-1983 school year.

The third issue is raised by the respondent, Youngquist. It is whether attorney fees should be assessed as additional damages. Appellants argue that this issue cannot be raised on appeal for the first time. It is also argued that absent an agreement or statutory grant attorney fees are not allowable.

The respondent recognizes that attorney fees are not usually allowed unless there is an agreement or statutory grant. The respondent argues that attorney fees should be allowed in this case to make him whole. It is argued that he should not be forced to absorb the cost of enforcing his right to reinstatement. The respondent argues that bad faith, delay, and an unlawful discharge justify an award of attorney fees.

The District Court made no direct ruling on attorney fees. The appellant argues that the issue was not before the District Court at any time. The state superintendent had ruled that attorney fees were not to be awarded. The respondents did not appeal that ruling. The issue was not raised in District Court and it need not be considered by this Court. Lima School District No. 12 v. Simonsen (Mont. 1984), 683 P.2d 471, 477, 41 St.Rep. 944, 951.

The general rule on attorney fees is that absent a specific contract provision or statutory grant, the prevailing party is not entitled to an award of attorney fees either as costs of the action or as an element of damage. Martin v. Crown Life Insurance Company (Mont. 1983), 658 P.2d 1099, 1104, 40 St.Rep. 216, 221.

We hold that whether the issue is properly before this Court or not the general rule would apply. Attorney fees are not allowed.

The last issue is whether the contingency fee agreement for attorney fees is a reasonable basis for the fees awarded. Because of our holding on the third issue this matter need not be addressed.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____ .
Justices