No. 87-541

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

ROWLAND THROSSELL,

        Plaintiff and Appellant,

  -vs-

BOARD OF TRUSTEES OF GALLATIN COUNTY
SCHOOL DISTRICT NO. 7, BOZEMAN,
MONTANA,

        Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Bryon L. Robb, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Gregory O. Morgan argued, Bozeman, Montana

    For Respondent:

        Donald E. White argued, Bozeman, Montana

Submitted: June 28, 1988

Decided: July 12, 1988

Filed: JUL 1 2 1988

*Ethel M. Harrison*

Clerk

Mr. Justice William E. Hunt, Sr. delivered the Opinion of the Court.

Appellant Throssell appeals from the summary judgment of the District Court, Eighteenth Judicial District, Gallatin County, in which the court dismissed Throssell's complaint for failure to exhaust his administrative remedies. We vacate the District Court's order and remand the cause to the Gallatin County Superintendent of Schools with instructions.

In 1976, Throssell was hired as an administrator and vice-principal for Senior High School of District No. 7 in Gallatin County. He continued to be rehired through a series of one-year contracts until 1983. In May, 1983, Throssell told the school that he planned to retire after the 1983-84 school year and he requested that his retirement stipend be added into his contract for his last year. His contract allowed him $250 for each year of his 8 years of district service. He was hired for that year as an assistant principal at Bozeman Jr. High.

In April, 1984, the school district adopted a new retirement plan which encouraged teachers to retire early. This "voluntary career option plan" provided that teachers with 13 or more years of "district credited service" were entitled to lump-sum payments at retirement.

Throssell claimed his contract entitled him to benefits under this plan but upon hearing in January, 1985, the District Board of Trustees denied his claim because he was an administrator and by definition excluded from the plan. The Board also determined that he had not acquired a sufficient number of years of district credited service to be eligible. Throssell appealed this decision to the Gallatin County Superintendent of Schools who, upon motion by Throssell,

determined that she did not have jurisdiction to hear the matter because it was a claim for breach of contract and not a controversy intended to be heard under § 20-3-210, MCA. She granted Throssell's motion and "denied" the appeal. This decision was not appealed to the State Superintendent of Public Instruction by either party.

Throssell then filed a complaint in the District Court on October 22, 1985. On November 13, 1985, the School District made a motion to dismiss the claim for failure to exhaust administrative remedies. Both parties briefed the motion and additional briefs were ordered August 26, 1986. Upon suggestion by the School District, the court viewed the School District motion as one for summary judgment and granted it on November 3, 1987. Throssell appeals from this judgment.

Among the seven issues Throssell specifies on appeal is whether the County Superintendent properly denied jurisdiction over the controversy. Because we hold that the County Superintendent had jurisdiction and therefore the District Court had no jurisdiction to hear this cause of action, we will not address the remaining six issues.

Throssell contends that § 20-3-210, MCA, which grants the County Superintendent the power to hear school controversies was correctly limited by the County Superintendent's decision to abandon jurisdiction over a cause of action based upon a breach of contract. He argues that pursuant to this Court's decision in McBride v. School District, No. 2 (1930), 88 Mont. 110, 290 P. 252, actions for money owed pursuant to a contract are not contemplated within the meaning of § 20-3-210, MCA. We disagree.

Section 20-3-210, MCA, states in pertinent part:

Controversy appeals and hearings. (1) Except as provided under 20-3-211, the county superintendent

- 3 -

> shall hear and decide all matters of controversy arising in his county as a result of decisions of the trustees of a district in the county.

The Gallatin County Superintendent agreed with appellant that there was no difference between the instant case and one which involved a breach of contract with an outside supplier. Both involved the seeking of a money judgment. As support for his position, Throssell cites to McBride in which a teacher brought an action against the school district for one month's salary following the district's rejection of the teacher's reapplication for employment. This Court held that because the action was for a money judgment for breach of contract the rule of exhausting one's administrative remedies did not apply. McBride, 290 P. at 254. A search of subsequent case law shows that since the Montana Administrative Procedures Act became applicable to school controversies in 1977, this Court has allowed few exceptions to the rule that a claimant in the school system must exhaust his or her administrative remedies. These exceptions include where state agencies have been directly granted primary jurisdiction resulting in decisions outside the administrative exhaustion doctrine, Johnson v. Bozeman School Dist. No. 7 (Mont. 1987), 734 P.2d 209, 44 St.Rep. 531, and where the matter is governed by a specific statute. See, e.g., Jarussi v. Board of Trustees of School Dist. No. 28 (1983), 204 Mont. 131, 664 P.2d 316. An older exception exists where the Board has acted without or in excess of its jurisdiction. Peterson v. School Board, District No. 1 (1925), 73 Mont. 442, 236 P. 670. Recent case law shows that even when a money judgment is requested the administrative appeals process has been followed. See, Yanzick v. School District No. 23, Lake County (1982), 196 Mont. 375, 641 P.2d 431 (tenured teacher sought reinstatement and back pay);

Pryor School District Nos. 2 & 3 v. Superintendent of Public Instruction (Mont. 1985), 707 P.2d 1094, 42 St.Rep. 1405 (unlawfully discharged principal awarded one year's pay); Harris v. Bauer (Mont. 1988), 749 P.2d. 1068, 45 St.Rep. 147 (school psychologist awarded tenure and back pay with interest). These cases illustrate that the seeking of a money judgment is not the dispositive factor in determining the educational agency's jurisdiction over a matter.

Throssell is a retired school administrator with a claim that his contract with the school district entitles him to the identical retirement benefits afforded teachers through the new school district retirement plan. This is distinguishable from an action by an outside supplier on a contract with the school district and thus is a "controversy arising . . . as a result of decisions of the trustees of a district . . ." fully contemplated within the meaning of § 20-3-210, MCA. Therefore the County Superintendent improperly abandoned jurisdiction over the matter. The District Court, then, had no jurisdiction to hear the case. Accordingly, we vacate the District Court's Order granting defendant's motions to dismiss and for summary judgment and remand this matter to the Gallatin County Superintendent for hearing and for the entering of findings of fact and conclusions of law.

Vacated and remanded.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 5 -

_____
_____
John G. Sheehy
_____
R. C. Gulbrandson .
_____
                    Justices