FILED

NOT FOR PUBLICATION

SEP 03 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TOWN PUMP, INC.; MAJOR BRANDS
DISTRIBUTING IMPORTS, INC.,

Plaintiffs - Appellees,

v.

JUDITH LAPLANTE,

Defendant - Appellant.

No. 10-35090

D.C. No. 4:09-cv-00054-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted August 30, 2010
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

Judith LaPlante, an enrolled member of the Blackfeet Nation, appeals the

district court's grant of summary judgment and permanent injunction of her further

prosecution of claims in Blackfeet Tribal Court against Town Pump, Inc., and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Major Brands Distributing Imports, Inc. (together, "Town Pump"). LaPlante alleges personal injury by toxic discharges from a Town Pump gas station within the exterior boundaries of the Blackfeet Indian Reservation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Contrary to LaPlante's position, the presumption against tribal court jurisdiction over nonmembers established in Montana v. United States, 450 U.S. 544, 564-66 (1981), and progeny applies to this case. See Nevada v. Hicks, 533 U.S. 353, 360 (2001) (explaining that "the general rule of Montana applies to both Indian and non-Indian land"); accord Smith v. Salish Kootenai Coll., 434 F.3d 1127, 1135 (9th Cir. 2006) (en banc).

LaPlante satisfies neither of Montana's exceptions for tribal court jurisdiction over nonmembers. LaPlante does not allege that Town Pump entered into "consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements." Montana, 450 U.S. at 565. Nor does Town Pump's alleged delay in challenging the tribal court's jurisdiction constitute consent to jurisdiction. Because tribal court jurisdiction is an issue of subject matter jurisdiction, it may not be waived, and Town Pump may raise the issue at any time during the suit. See Stock W., Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1228 (9th Cir. 1989); see also Hicks, 533

2

U.S. at 373 (noting that challenges to tribal court jurisdiction "would presumably be nonwaivable").

LaPlante's reliance on Town Pump's prior litigation in tribal court—against different parties and with respect to different claims—is also unavailing. "A nonmember's consensual relationship in one area . . . does not trigger tribal civil authority in another—it is not 'in for a penny, in for a Pound.'" Atkinson Trading Co. v. Shirley, 532 U.S. 645, 656 (2001). In addition, although a nonmember's consent to tribal jurisdiction may be inferred when it files suit in tribal court as a plaintiff, see Smith, 434 F.3d at 1137, in this suit Town Pump "is being haled into tribal court against [its] will" as a *defendant.* Philip Morris USA, Inc. v. King Mountain Tobacco Co., 569 F.3d 932, 940 (9th Cir. 2009). Smith's rationale does not extend to Town Pump's indemnity action; that action does not meet the consent prong of the Montana exceptions. Town Pump's prior third-party claim against the Blackfeet Tribe also cannot constitute consent to tribal court jurisdiction, as Town Pump was barred from raising this claim elsewhere in state or federal court under the doctrine of tribal sovereign immunity. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).

Nor does LaPlante's personal injury suit satisfy the second Montana exception. The conduct alleged does not have a "direct effect on the political

3

integrity, the economic security, or the health or welfare of the tribe." Montana, 450 U.S. at 566. Rather, LaPlante sues over her personal injuries alone. Although the Tribal Court of Appeals held that it had jurisdiction over LaPlante's tort claims on the theory that "[t]he people, the members of the Blackfeet Tribe, are all one" and that "where one of us is affected[,] all of us as members are affected," the Supreme Court has specifically rejected this "no man is an island" logic with respect to the second Montana exception. Burlington N. R.R. Co. v. Red Wolf, 196 F.3d 1059, 1065 (9th Cir. 1999) (internal quotation marks omitted) (citing Strate v. A-1 Contractors, 520 U.S. 438, 458-59 (1997)).

Finally, Town Pump's prior suit against its insurer in tribal court does not provide a basis for judicial estoppel. Town Pump's theory of jurisdiction in that case sought to link the availability of environmental clean-up funds with the interests of the Tribe. This position is not "clearly inconsistent" with the position Town Pump has taken here—i.e., that the second Montana exception does not apply because LaPlante seeks to remedy her personal injuries alone and has alleged only a generalized threat to tribal interests. See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (internal quotation marks omitted). As a result, estoppel is not warranted.

AFFIRMED.