FILED

March 13 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0486

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2012 MT 63

---

JUDITH LaPLANTE,

     Plaintiff and Appellant,

v.

TOWN PUMP, INC., and
MAJOR BRANDS DISTRIBUTING
IMPORTS, INC.,

     Defendants and Appellees.

FILED

MAR 1 3 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

---

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DV 11-36
Honorable Laurie McKinnon, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Thomas A. Marra and Antonia P. Marra; Marra, Sexe, Evenson & Bell, P.C.,
Great Falls, Montana

    For Appellee:

        Stephanie A. Hollar and William J. Gregoire; Smith, Walsh, Clarke &
Gregoire, PLLP, Great Falls, Montana

---

                    Submitted on Briefs:  January 18, 2012
                              Decided:  March 13, 2012

Filed:

_____
              Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Judith LaPlante (LaPlante) appeals an order of the Ninth Judicial District Court, Glacier County, denying her motion for substitution of judge. We affirm.

¶2 LaPlante raises the following issue:

¶3 *Did the District Court properly deem LaPlante's substitution motion untimely?*

¶4 LaPlante filed an action in 1996 in Blackfeet Tribal Court against Town Pump, Inc. and Major Brands Distributing Imports, Inc. (collectively "Town Pump"). She alleged that Town Pump had dumped chemicals on tribal lands, and that her exposure to these toxic chemicals had caused her injury. Town Pump challenged the Blackfeet Tribal Court's subject matter jurisdiction over the matter. The case proceeded through the Blackfeet Tribal Court system before moving to the federal judicial system. The Ninth Circuit eventually resolved the issue fourteen years later when it ruled in September 2010 that the tribal court lacked jurisdiction over LaPlante's claims. *Town Pump v. LaPlante*, 394 Fed. Appx. 425 (9th Cir. 2010).

¶5 LaPlante filed a new action in state district court in Glacier County in December 2010. District Court Judge Laurie McKinnon assumed jurisdiction. LaPlante attempted to commence the action in district court by transferring the tribal court action rather than filing a new complaint. Town Pump sought to dismiss the purported transfer. Town Pump claimed that LaPlante needed to file a new complaint rather than seek a transfer of the case from tribal court. Town Pump argued that the tribal court never possessed jurisdiction over the

2

original complaint, and, therefore, no action existed that could be transferred to district court. The District Court heard argument on the motion to dismiss in April 2011 and took the matter under submission.

¶6    The District Court conducted a scheduling conference on June 2, 2011. The court announced that it would grant Town Pump's pending motion to dismiss and would issue a written order to that effect. The court nevertheless determined that the parties could set a scheduling order on what the court believed would be LaPlante's newly filed complaint and proceed with a February 2012 trial. LaPlante's counsel agreed with this approach: "Absolutely, your Honor. We've argued all along that we should just take off from where we left off [in Tribal Court], so from our perspective that's where we should be; and the complaint should be nothing more than a perfunctory act." LaPlante accordingly agreed to quickly file a complaint. Town Pump's counsel agreed that it would accept service to prevent any further delay.

¶7    The District Court issued its written order on June 24, 2011, to dismiss LaPlante's attempted transfer of the action from tribal court. The court reasoned that it could not accept a transfer of action initiated in tribal court in light of the tribal court's lack of jurisdiction. The court concluded the order by providing LaPlante with "twenty days from the date of this order to file and serve their Complaint upon Defendants." The court also noted that the parties could petition to amend the scheduling order if it became necessary.

3

¶8 LaPlante apparently determined based upon the dismissal order that she could create a new cause of action. She filed a complaint on June 28, 2011, as a new action rather than as an amended pleading in the original transfer action. Judge McKinnon, the only district court judge in the Ninth Judicial District, also assumed jurisdiction of the new action and consolidated the two cases. LaPlante filed a motion to substitute Judge McKinnon in the new action on June 29, 2011. Judge McKinnon denied the motion as untimely. LaPlante appeals.

## STANDARD OF REVIEW

¶9 We review for correctness a district court's ruling on a motion to substitute a district court judge. *Patrick v. State,* 2011 MT 169, ¶ 12, 361 Mont. 204, 257 P.3d 365.

## DISCUSSION

¶10 *Did the District Court properly deem LaPlante's substitution motion untimely?*

¶11 Section 3-1-804(1), MCA, entitles parties to a civil action to one substitution of a district court judge. A plaintiff must exercise this right by filing a substitution motion within 30 days of either the service of the first summons or an adverse party's first appearance. Section 3-1-804(1)(a), MCA.

¶12 The crux of this dispute centers on when the thirty-day time period commenced. LaPlante contends that she could file a new, separate action after the District Court had dismissed the transfer. She accordingly contends that the time limit commenced running when she filed a new complaint on June 28, 2011. Town Pump argues that the District Court retained jurisdiction in the original action, despite its order to dismiss, and that the thirty-day

4

time limit commenced running when Town Pump filed a motion to dismiss in the transfer action in February 2011.

¶13 Judge McKinnon agreed with Town Pump. Her order regarding the substitution motion noted that the thirty-day time period elapsed on March 9, 2011—30 days after Town Pump first appeared in response to LaPlante's pleading that sought to commence a state court action by transferring the case from tribal court. The court rejected the notion that LaPlante's new complaint could reset the time period for a substitution motion.

¶14 The filing of a complaint commences an action. M. R. Civ. P. 3. LaPlante contends that the District Court's dismissal order constitutes a conclusion that no valid complaint existed and thus LaPlante had failed to commence an action in district court through the filing of the transfer of action from tribal court. LaPlante reasons that a district court possesses no subject matter jurisdiction until a party files a valid complaint, and, accordingly, that the court could not retain jurisdiction over a matter it never had the power to adjudicate. She argues that her filing of the new complaint in the second action commenced an action pursuant to M. R. Civ. P. 3, and marked the point from which the 30 days should begin running. We disagree.

¶15 LaPlante commits the common mistake of conflating subject matter jurisdiction with the more general notions of jurisdiction. See Ballas v. Missoula City Bd. of Adjustment, 2007 MT 299, ¶ 15, 340 Mont. 56, 172 P.3d 1232. Subject matter jurisdiction concerns a court's power to hear a case. Harland v. Anderson Ranch Co., 2004 MT 132, ¶ 31, 321 Mont. 338,

5

92 P.3d 1160. This power derives from constitutional and statutory authority, and a complaint cannot bestow, or limit, the subject matter jurisdiction of a court. *See* Mont. Const. Art. VII, § 4; *Ballas,* ¶ 12. The District Court, a court of general jurisdiction, unquestionably possessed the authority, pursuant to Mont. Const. Art. VII, § 4, to hear a negligence claim such as the one that LaPlante pursues.

¶16 A court may exercise this subject matter jurisdiction, however, only with regard to issues that a party places before it. *Old Fashion Baptist Church v. Mont. Dept. of Revenue,* 206 Mont. 451, 457, 671 P.2d 625, 628 (1983). A party generally asserts its desire for judicial intervention over a dispute through the filing of a complaint. *Old Fashion Baptist Church,* 206 Mont. at 457, 671 P.2d at 628. This notion is not so rigid that only a valid complaint can establish a desire for judicial intervention. For example, we recently determined in *H & H Development, LLC v. Ramlow,* 2012 MT 51, ¶ 27, ___ Mont. ___, ___ P.3d ___, that an improperly filed complaint did not constitute a "legal nullity" for purposes of the statute of limitations. We similarly determined in *Williamson v. Mont. Pub. Serv. Comm'n,* 2012 MT 32, ¶ 53, 364 Mont. 128, ___ P.3d ___, that a party may amend a complaint after an order of dismissal to cure a deficiency on the issue of standing. We need determine here only whether LaPlante's attempted transfer of the action from tribal court and Town Pump's subsequent appearance triggered the thirty-day time limit in § 3-1-804, MCA.

¶17 LaPlante presented her unambiguous manifestation of having the District Court resolve her dispute with Town Pump through the filing of the transfer from tribal court.

6

LaPlante also expressed a clear desire to proceed with the litigation after Judge McKinnon announced in her chambers that she would grant the motion to dismiss. LaPlante further manifested her desire for judicial intervention when she filed a complaint in the new action that alleged the identical issues that she had attempted to place before the District Court through the transfer action. The District Court properly determined that it could resolve LaPlante's dispute with Town Pump.

¶18 The District Court's order to dismiss the transfer, along with its comments during the scheduling conference, demonstrates that it retained jurisdiction over the controversy for purposes of § 3-1-804, MCA. The court's order to dismiss LaPlante's attempted transfer directed LaPlante to file a new complaint within 20 days. The order also implied that the court would retain the original scheduling order. The parties concurred. These items reflect the District Court's intent to dismiss without prejudice LaPlante's transfer action and to retain jurisdiction over the matter for purposes of § 3-1-804, MCA. "An order dismissing or striking a complaint without prejudice is not a final judgment." *Farmers Union Mut. Ins. Co. v. Bodell*, 2008 MT 363, ¶ 18, 346 Mont. 414, 197 P.3d 913.

¶19 The District Court accordingly issued no final judgment on the transfer and retained jurisdiction of the original action for purposes of § 3-1-804, MCA. LaPlante's time limit for requesting substitution of a district judge commenced, therefore, when Town Pump appeared in the transfer action on February 7, 2011. Judge McKinnon properly deemed LaPlante's substitution motion as untimely as this time limit elapsed on March 9, 2011—well before

7

LaPlante filed her substitution motion on June 29, 2011.

¶20 Affirmed.

_____
                          Justice

We Concur:

_____
                Chief Justice

_____

_____

_____
                     Justices

8