DA 13-0044

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 364

LARRY G. SCHUSTER,

      Plaintiff and Appellant,

  v.

NORTHWESTERN ENERGY COMPANY,

      Defendant and Appellee.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DV 12-0021
                    Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Larry G. Schuster; self-represented; Billings, Montana

        For Appellee:

            Sarah N. Norcott; Attorney at Law; Helena, Montana

                         Submitted on Briefs:  November 20, 2013
                                   Decided:  December 3, 2013

Filed:

                             Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Larry Schuster (Schuster) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, dismissing his complaint against NorthWestern Energy (NWE) based on lack of subject-matter jurisdiction. The District Court concluded the Public Service Commission (PSC) had the power to hear Schuster's complaint against NWE, a public utility, and only after the PSC acted could Schuster seek judicial relief. Because Schuster had failed to exhaust this administrative remedy, the court determined it was without jurisdiction to hear the claim. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 As alleged, Schuster was an electric service customer of NWE (formerly Montana Power Company) for a residence he owned in Great Falls from 1991 to 2009. On or around January 9, 2009, NWE disconnected electric service to Schuster's residence based on an outstanding balance of $16 on his utility bill. Schuster alleges the termination of service caused the furnace to fail, which led to water pipes freezing and bursting. The water damage to the property resulted in damages of approximately $100,000 to real property, and $40,000 to personal property.

¶3 Schuster filed an action in district court alleging property damage due to NWE's negligence and negligence per se in terminating his electric service. Specifically, Schuster alleged that NWE terminated his service without legal justification and in violation of Admin. R. M. 38.5.1402 (termination without justification), 38.5.1405

2

(failure to give notice prior to termination), and 38.5.1410 (termination when temperature expected to fall below freezing).

¶4    NWE filed a motion to dismiss based on lack of subject-matter jurisdiction for Schuster's failure to exhaust administrative remedies before the PSC. NWE argued that the PSC was the entity that must determine whether it had violated the administrative rules or its tariff[1] with the PSC. The District Court granted NWE's motion and dismissed the action. Schuster filed a motion for relief from judgment pursuant to M. R. Civ. P. 60(b), which was deemed denied after 60 days. This appeal followed.

¶5    Following dismissal of his complaint in District Court, Schuster filed a formal complaint with the PSC. That matter is pending.[2]

## STANDARD OF REVIEW

¶6    A district court's determination that it lacked subject-matter jurisdiction is a conclusion of law. We review a lower court's dismissal of a complaint based on lack of subject-matter jurisdiction to determine whether the court's interpretation of law is correct. *Mt. Water Co. v. Mont. Dept. Pub. Serv. Reg.*, 2005 MT 84, ¶ 8, 326 Mont. 416, 110 P.3d 20.

---

[1] A tariff is a published schedule of rates or charges with associated rules, regulations, and other information issued by a public utility which must be filed with and approved by the Public Service Commission. *See* § 69-3-301, MCA; Admin. R. M. 38.2.601(1)(o); 38.5.2601.

[2] Docket No. D2012.9.92.

3

**DISCUSSION**

¶7 Subject-matter jurisdiction is the power of a court to hear and determine a particular class of cases. *State ex rel. Morgan v. State Bd. of Examiners*, 131 Mont. 188, 212, 309 P.2d 336, 349 (1957). If a court lacks subject-matter jurisdiction it "cannot acquire it even by consent of the parties." *Stanley v. Lemire*, 2006 MT 304, ¶ 31, 334 Mont. 489, 148 P.3d 643. Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Stanley*, ¶ 32 (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 1244 (2006)). The district courts are courts "of general jurisdiction, unquestionably possessed [of] authority, pursuant to Mont. Const. Art. VII, § 4, to hear a negligence claim." *LaPlante v. Town Pump, Inc.*, 2012 MT 63, ¶ 15, 364 Mont. 323, 274 P.3d 724.

¶8 The District Court held that "before a party can seek declaratory relief in district court, it must exhaust its administrative remedies," citing *Mt. Water Co.*, ¶ 14. However, Schuster is not seeking declaratory relief. Rather, he claims that NWE was negligent in the manner that it turned off his service, causing damages for which he seeks recovery.

¶9 The PSC is an administrative agency created by statute. Section 69-1-102, MCA. It has the power to supervise, regulate, and control public utilities in this state. Section 69-3-102, MCA. The PSC is charged with "inquir[ing] into any neglect or violation of the laws of this state by any public utility" and enforcing the regulations through referral to the attorney general for prosecution if necessary. Section 69-3-110(1), MCA. However, the PSC is not vested with judicial powers. Section 69-3-103(1), MCA.

4

¶10    In *State ex rel. Public Service Commission v. District Court*, 107 Mont. 240, 84 P.2d 335 (1938), a group of farmers filed a complaint with the PSC alleging that Montana Power Company unreasonably and unlawfully stored water during irrigation seasons, depriving them of their water rights. The district court issued a writ prohibiting the PSC from assuming jurisdiction over the matter. We upheld the writ of prohibition, holding that the PSC had no authority over the dispute because "[t]he relief sought has nothing to do with the regulation of public utilities as contemplated by the statutes. The statutes were enacted for the benefit of the consumers of the utilities' products, and not to arbitrate controversies between utilities and private persons." *State ex rel. PSC*, 107 Mont. at 242, 84 P.2d at 335. Although this reasoning was stated too broadly to constitute a general rule, the holding remains that, despite the PSC's power to regulate the Montana Power Company, it was not empowered to hear a dispute involving the administration of water rights and the Montana Power Company's storage of water. *State ex rel. PSC*, 107 Mont. at 243, 84 P.2d at 336.

¶11    Here, the PSC has no authority to decide whether Schuster is entitled to recover damages from NWE, a conclusion necessarily involving the adjudication of the legal rights and responsibilities of each party. Though one of Schuster's theories of recovery posits that NWE violated certain rules promulgated by the PSC, that does not divest this controversy of its essential nature—a claim for monetary damages for NWE's allegedly negligent actions, a controversy over which the PSC has no authority.

5

¶12 Even though an administrative proceeding may exist, exhaustion of administrative remedies is not required where it would be futile. In *Local Union No. 400 v. Bosh*, 220 Mont. 304, 309, 715 P.2d 36, 39 (1986), we held that union members were not required to exhaust an administrative remedy before filing an action in district court alleging breach of fiduciary duty by union officials and seeking return of misappropriated funds. Because the only available relief from intra-union procedures was discipline and possible expulsion of the officials for violation of their obligations, we held that resort to the administrative process would be futile. The union did not have authority to order recovery of the misappropriated funds. *Local Union No. 400*, 220 Mont. at 309, 715 P.2d at 39.

¶13 NWE argues that Schuster's claim for monetary damages does not negate the PSC's authority over the matter.[3] It cites several cases for the proposition that "even when a money judgment is requested the administrative appeals process" must be followed, including *Throssell v. Bd. of Trustees of Gallatin Co. Sch. Dist.*, 232 Mont. 497, 500, 757 P.2d 348, 350 (1988) (retired school administrator sought decision that his contract with the school district entitled him to the same benefits as teachers under the new retirement plan); *Pryor Sch. Dist. v. Superintendent of Pub. Instr.*, 218 Mont. 73, 707 P.2d 1094 (1985) (principal reinstated through administrative proceeding following

---

[3] We note that in the proceeding pending before the PSC, NWE filed a motion to dismiss alleging Schuster "failed to state a cause of action for which the [PSC] can grant relief. Specifically, [Schuster] . . . lacks standing to file a claim." NWE's motion argued that the remedy Schuster seeks—property damages—cannot be granted by the PSC, and that Schuster is not "directly affected" by any action of NWE and thus cannot bring a claim before the PSC. Though the motion was denied by the PSC, NWE's conflicting positions would leave Schuster with no recourse for its alleged wrongdoing.

wrongful dismissal and awarded compensation at contract rate for time lost during the appeal); and *Harris v. Bauer*, 230 Mont. 207, 749 P.2d 1068 (1988) (following court decision that discharged school psychologist had tenure, administrative board held hearing and awarded back wages and benefits since the date of dismissal). However, in each of these cases, the administrative agency had authority to grant the monetary damages being sought in the civil action. Here, the PSC has no authority to grant damages caused by NWE's alleged negligence.

¶14 For a regulatory violation, the PSC has authority to (1) fine the utility pursuant to § 69-3-209, MCA, (2) order a refund of money collected for services pursuant to § 69-3-330(2), MCA, (3) report a violation to the attorney general pursuant to § 69-3-110(1), MCA, (4) issue an order citing NWE for a violation of the law, or (5) require NWE to reinstate service. None of these remedies can provide the relief sought by Schuster, and would thus be futile. Although NWE asserts that "Schuster's recourse to administrative remedies is not futile as there are several available remedies, including one that could redress the harm," the PSC has no authority to adjudicate Schuster's damage claim.

¶15 Several cases illustrate that a negligence action seeking damages can be maintained against the power company in district court. In *Stout v. Montana Power Co.*, 234 Mont. 303, 304, 762 P.2d 875, 875-76 (1988), we affirmed a jury verdict awarding plaintiffs damages for their building that was destroyed by a fire. The jury determined that the fire was caused by the power company's failure to inspect and maintain its power

7

equipment and service lines. The jury heard the issue even though maintenance of utility equipment falls under PSC regulation, § 69-4-201, MCA; Admin. R. M. 38.5.2101(1). Similarly, *Hash v. Montana Power Co.*, 164 Mont. 493, 524 P.2d 1092 (1974), and *Farmers Union Grain Terminal Assn. v. Montana Power Co.*, 216 Mont. 289, 700 P.2d 994 (1985), involved damage actions filed in the district court for the power company's negligent maintenance of equipment. In both *Barmeyer v. Montana Power Co.*, 202 Mont. 185, 657 P.2d 594 (1983), and *Martel v. Montana Power Co.*, 231 Mont. 96, 752 P.2d 140 (1988), the jury determined whether the power company failed to satisfy the National Electrical Safety Code in its construction of equipment, as required by § 69-4-201, MCA, and whether damages should be awarded to the plaintiffs. Though exhaustion of administrative remedies was not raised in these cases, the courts implicitly proceeded on the assumption that subject-matter jurisdiction existed.

¶16   The PSC has authority to investigate and hear complaints by customers against a public utility. Section 69-3-110(1), MCA. If the PSC determines NWE has acted in violation of its tariff or the administrative rules, it can take action against NWE for that violation as mentioned above. We recognize that one of the parties may seek to introduce any tariff determination made by the PSC into litigation before the District Court. That issue is not before us here and it will be up to the District Court, in the first instance, to determine what effect, if any, a PSC determination will have on the proceeding before it.

¶17    We reverse the District Court's dismissal of Schuster's complaint, and remand for further proceedings consistent with this opinion.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT