Justice Beth Baker, dissenting.
¶36 For purposes of RJC's Rule 12(b)(6) motion to dismiss, and construing the factual allegations in a light most favorable to Strauser, Northfield , ¶ 8, I agree that her complaint alleges a justiciable controversy. The complaint alleges that she has paid $49,751.81 in principal and interest on the $47,500 initial balance and that RJC illegally has assessed late payments of $3,300 and continues to assess such fees unlawfully. Attached to her complaint is the Promissory Note she signed, which provides:
If default be made in the payment when due of any part or installment of interest, then the whole sum of principal and interest shall become immediately due and payable at the option of [RJC], without notice.
¶37 It also states that, in the event of default, the holder of the Note may recover necessary expenses incurred in collecting the balance, including reasonable attorney fees, "whether incurred through ***360 litigation or otherwise."[1] Without notice or an opportunity to contest the legality of the alleged assessed late fees, Strauser could risk loss of her home and exposure to added fees and costs.
¶38 Strauser does, however, have the opportunity to contest the legality of the late fees through the administrative remedy provided by RISA. Under § 31-1-212(2), MCA (2007), "[a] retail buyer having reason to believe that this part relating to his retail installment contract has been violated may file with the department a written complaint setting forth the details of the alleged violation[.]" Section 31-1-203(2), MCA (2007), bars recovery of any finance, delinquency, or collection charge on the contract for violations of RISA prohibitions, "except as the result of an accidental and bona fide error of computation."
¶39 Construing identical provisions under the 2009 version of RISA, we held in Somers that "RISA is an administrative statute through which retail buyers may complain to the Department when holders of retail installment contracts violate [its] provisions." Somers , ¶ 17. We concluded that the statute made plain the Legislature's intent that RISA "be enforced administratively by the Department." Somers , ¶ 19.
¶40 The Court's Opinion does not cite or mention our long line of authority that a party must exhaust its administrative remedies before seeking declaratory relief in district court. We have applied this requirement even in cases where the underlying dispute is between private parties, as it is here. Mt. Water Co. v. Mont. Dep't of Pub. Serv. Reg. , 2005 MT 84, ¶ 14, 326 Mont. 416, 110 P.3d 20. The exhaustion doctrine does not apply when a party raises a bona fide constitutional issue ( Brisendine , 253 Mont. at 366, 833 P.2d at 1022 ; Mitchell v. Town of West Yellowstone , 235 Mont. 104, 109, 765 P.2d 745, 748 (1988) ); or when exhaustion would be a useless or futile act ( Mt. Water Co. , ¶ 15 (citing DeVoe v. Dep't of Revenue , 263 Mont. 100, 866 P.2d 228 (1993) )). But when the party "has neither attempted to exhaust its administrative remedies, nor ... alleged facts that if proven would show the futility of the available administrative remedies[,]" the party is not relieved from the exhaustion doctrine, and it *812 may not resort to the courts before seeking administrative relief. Mt. Water Co. , ¶ 15. See also In re T.W. , 2005 MT 340, ¶ 31, 330 Mont. 84, 126 P.3d 491.
¶41 We emphasized in Brisendine that a party may seek a declaratory ruling from the agency under the Montana Administrative Procedure Act, which requires "[e]ach agency [to] provide for the filing and ***361 prompt disposition of petitions for declaratory rulings as to the applicability of any statutory provision[.]" Section 2-4-501, MCA. Declaratory rulings under this section are subject to judicial review "in the same manner as decisions or orders in contested cases." Section 2-4-501, MCA. We noted that by following this approach, Brisendine "would not subject his license to revocation or suspension" before having his legal issue adjudicated. Brisendine , 253 Mont. at 366, 833 P.2d at 1021.
¶42 In the same vein, Strauser would not be faced with losing her home by pursuing an administrative remedy, which admittedly she has not done. Ignoring them altogether, the Court does not distinguish or overrule any of the cases requiring administrative exhaustion, nor does it suggest how Strauser's complaint meets any articulated exception to the requirement or why its ruling will not permit other prospective declaratory judgment litigants "to skip the administrative process." Mt. Water Co. , ¶ 14. Consistent with our precedent, I would hold that Strauser cannot file a declaratory judgment action until she first seeks administrative relief under RISA. If the Department refuses or fails to act on her complaint, she may file a declaratory judgment action in District Court; if the Department issues a ruling adverse to her, she may petition for judicial review. She has the ability to pursue relief without jeopardizing her home or waiting for RJC to issue a notice of default or take other action against her.
¶43 On that basis, I would affirm.
Justice Jim Rice joins in the dissenting Opinion of Justice Baker.

It is also clear that Strauser has changed her theory on appeal from what she raised in District Court. In District Court, Strauser sought a determination of what amount was owing under the Agreement, thus pleading a private cause of action under RISA. On appeal, Strauser pursues a theory that she is entitled to know her rights under the contract and, accordingly, whether she has a legal defense based on RISA violations. The Court errs when it adopts Strauser's circular and misguided reasoning. Whether Strauser pursues her allegations offensively or defensively, resolution of Strauser's claims is first committed to the Department.