NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2019 VT 2

No. 2018-214

| | |
|---|---|
| Commissioner of Labor | Supreme Court |
| | On Appeal from |
| v. | Superior Court, Orange Unit, Civil Division |
| Eustis Cable Enterprises, LTD | October Term, 2018 |

Michael J. Harris, J.

Annika Green, Department of Labor, Montpelier, for Petitioner-Appellee.

Pietro J. Lynn and Sean M. Toohey of Lynn, Lynn, Blackman & Manitsky, P.C., Burlington, for Respondent-Appellant

PRESENT: Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.

¶ 1. **ROBINSON, J.** Following a workplace accident involving one of its trucks, Eustis Cable Enterprises, LTD (Eustis) appeals the civil division's affirmance of the Vermont Occupational Safety and Health Act (VOSHA) review board's determination that Eustis failed to meet VOSHA's motor-vehicle requirements and the resulting assessment of a fine for the violations. We conclude that the evidence and findings do not support the board's conclusion that Eustis was on notice of the violation and accordingly reverse and strike the citation alleging a violation of 29 C.F.R. 1926.601(b)(14) and associated penalty.

¶ 2. During road-construction operations on March 11, 2016, a truck owned or operated by Eustis, which was participating in the construction activity, struck and killed a flagger for Green

Mountain Flaggers. The truck hit the flagger when the driver began backing it up in the southbound breakdown lane on Route 7 in Middlebury. In response to the accident, the Commissioner of Labor investigated and ultimately cited Eustis for two alleged violations of 29 C.F.R. § 1926.601: a failure to ensure that the vehicle's backup alarm was audible above the surrounding noise level, pursuant to § 1926.601(b)(4); and a failure to assure the safety devices were in a safe condition at the beginning of each shift, pursuant to § 1926.601(b)(14).[1] The Commissioner assessed $11,340 in fines ($5670 for each violation).

¶ 3. At the hearing in April 2017, the VOSHA hearing officer dismissed the first alleged violation of § 1926.601(b)(4) (failure to ensure that the backup alarm was audible) on the basis that VOSHA's evidence on this point was insufficient. But the hearing officer affirmed the second violation of § 1926.601(b)(14), finding that Eustis knew or should have known that the truck was not checked at the beginning of the shift to assure that safety devices, including the backup alarm, were in a safe operating condition. The officer assessed a $5670 penalty. Notably, with respect to Eustis's knowledge of the driver's failure to conduct the requisite safety check on the day in question, the hearing officer wrote the following:

> While an argument could be made that constructive knowledge of the violation could be imputed to Eustis by virtue of Carrier's status as foreman, it is unnecessary to do so here. Carrier's failure to prepare and submit "Driver Vehicle Inspection Reports" for six of the thirty-four workdays preceding the accident should have put Eustis on notice of something amiss.

---

[1] Vermont has adopted 29 C.F.R. § 1926.601, a federal regulation, as the law of this state. See Rules Pertaining to VOSHA—Safety Testing or Certification of Certain Workplace Equipment and Materials and Revision of Recordkeeping Requirements for Construction (1926) and General Industry (1910), Code of Vt. Rules 24 050 009, https://www.lexisnexis.com/hottopics/codeofvtrules (incorporating 29 C.F.R. § 1926 by reference); see also 21 V.S.A. § 201(c)(2); Green Mountain Power Corp. v. Comm'r of Labor & Indus., 136 Vt. 15, 24, 383 A.2d 1046, 1051 (1978) (explaining Vermont has adopted all federal OSHA standards applicable to health and safety of employees in this state).

The hearing officer based this conclusion on the fact that, for a six-week period in 2016, Eustis submitted a completed "Driver Vehicle Inspection Report" for each workday except for six.

¶ 4. Eustis filed a petition for discretionary review by the VOSHA review board, challenging the hearing officer's determinations that the truck was "off-highway" under 29 C.F.R. § 1926.601(a), that Eustis failed to conduct an inspection of the truck, and that Eustis knew of the violation. On the first point, Eustis argued that because the truck was operating in the breakdown lane of a public highway, it was not operating within an "off-highway jobsite, not open to public traffic" and thus did not qualify as a "motor vehicle" for purposes of the OSHA regulation. It further argued that VOSHA's evidence that the Eustis driver had failed to conduct a daily safety check, which was based primarily on the absence of a written record of the check, was insufficient where no written record is required, and the driver testified that he would have conducted a check that morning. Finally, Eustis argued that its failure to provide Driver Vehicle Inspection Reports for the six days in question meant nothing because the driver at issue did not work on all those dates.

¶ 5. In July 2017, the VOSHA review board upheld the hearing officer's findings and conclusions and denied Eustis's request for discretionary review. The VOSHA review board concluded that because the jobsite was closed to public traffic, it was an "off-highway jobsite" subject to 29 C.F.R. § 1926.601(a). It determined that the hearing officer's conclusion that the driver had failed to conduct the daily inspection was supported by the absence of written documentation of the daily check, in contrast to other days, and that the hearing officer could reasonably conclude that the driver's testimony was vague. Finally, with respect to Eustis's liability for its driver's conduct, the board rejected Eustis's argument that the absence of Driver Vehicle Inspection Reports for the six days in question meant nothing because the driver did not work on those dates. The board explained, "this argument is based on facts and evidence not

3

considered or admitted at the hearing, so cannot be introduced, created, or relied upon after the hearing to support an argument to grant the petition for review." It thus concluded that "the decision of the Hearing Officer in this matter . . . becomes a final order of the Review Board."

¶ 6. Eustis appealed the board's decision to the civil division, asserting that: (1) the Eustis truck was not a motor vehicle covered by 29 C.F.R. § 1926.601 at the time of the accident because the vehicle was located on a highway, and therefore did not fall within § 1926.601(a); (2) the evidence did not support the conclusion that Eustis's driver failed to conduct a safety inspection; and (3) the evidence did not establish that Eustis had knowledge of the violation. The civil division affirmed.

¶ 7. Eustis now makes the same arguments to this Court. We conclude that the board's conclusion that the driver's violation can be imputed to Eustis is not supported by the record, and thus the Commissioner's case against Eustis cannot stand. We therefore need not decide whether Eustis's truck was a motor vehicle covered by 29 C.F.R. § 1926.601, or whether there was sufficient evidence to support the board's determination that Eustis's driver failed to conduct a safety inspection.

¶ 8. "Where, as here, review by the [superior court] is on the record, our standard of review on appeal is the same as that used by the trial court." In re Ferrera & Fenn Gravel Pit, 2013 VT 97, ¶ 6, 195 Vt. 138, 87 A.3d 483. We will affirm the board's findings if supported by substantial evidence. Whittington v. Office of Prof'l Regulation, 2013 VT 93, ¶ 8, 195 Vt. 181, 87 A.3d 489; see also 21 V.S.A. § 227(a) ("The findings of the review board with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive.").

¶ 9. To establish a violation, the Department of Labor must show that the employer "had knowledge or constructive knowledge of the condition" violating the law. N.Y. State Elec. & Gas Corp. v. Sec'y of Labor, 88 F.3d 98, 105 (2d Cir. 1996).

¶ 10. The VOSHA review board's finding that Eustis was on constructive notice of "something amiss" because the driver had not submitted documentation of daily inspections for six days during a recent period cannot stand. The board had no evidence concerning whether the driver actually worked on the days for which Eustis did not submit Driver Vehicle Inspection Reports to the hearing officer, or whether the vehicle was in use on those dates. For that reason, no evidence supports the board's inference that on the six days for which Eustis did not submit a Driver Vehicle Inspection Report the driver came to work, drove the truck, but failed to conduct an inspection and submit a report documenting that inspection. This is speculation. While a "factfinder may draw rational inferences . . . those inferences must add up to more than mere suspicion, and the factfinder cannot bridge evidentiary gaps with speculation." State v. Wisowaty, 2015 VT 97, ¶ 16, 200 Vt. 24, 128 A.3d 876. The evidence is equally consistent with the possibility that the driver did not work on the dates in question—half of which were Saturdays. The board's suggestion that Eustis's argument on this point relies on evidence outside of the record misapprehends the burden of proof in this case: The Commissioner bears the burden of establishing the essential elements of the violation. N.Y. State Elec. & Gas Corp., 88 F.3d at 105. The absence of evidence supporting the board's inference defeats the Commissioner's case; we need not consider Eustis's representations about what days the driver did and did not work to conclude that the absence of documentation of the driver's safety checks on certain dates is only relevant if the driver worked on those dates. The burden to lay the evidentiary foundation to

support the inference of knowledge or constructive knowledge rested with the Commissioner.

Given the absence of evidence supporting the board's inference, the violation cannot stand.[2]

Reversed. The citation alleging a violation of 29 C.F.R. 1926.601(b)(14) is dismissed and the associated penalty is stricken.

FOR THE COURT:

---

Associate Justice

---

[2] The trial court suggested that the driver's status as a "foreman" provided an alternate basis for imputing constructive knowledge to Eustis. However, neither the hearing officer nor the board made findings supporting this alternate theory, and the record is bereft of evidence of the driver's supervisory authority on Eustis's behalf beyond the fact of his job title of "foreman." Given that the Commissioner bears the burden of establishing the essential elements of the violation, if the Commissioner sought to establish that Eustis was liable on the basis of the driver's level of responsibility at the job site, it was incumbent upon the Commissioner to present sufficient evidence of the driver's work responsibilities and supervisory authority to support its position.