Filed 09/24/25

VERMONT SUPERIOR COURT

Orleans Unit
247 Main Street
Newport VT 05855
802-334-3305
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 25-CV-00979

| Commissioner, Vermont Department of Labor v. A.C.T. Roofing, LLC |
|---|

## ORDER ON RULE 74 APPEAL

Pending before the court is an appeal by the Commissioner of the Vermont Department of Labor from a final decision of the Vermont Occupational Safety Administration Review Board vacating a citation issued to A.C.T. Roofing, LLC (ACT), for violating a workplace safety regulation, which resulted in serious bodily injury.

The appeal is brought pursuant to 21 V.S.A. § 227 and Vermont Rule of Civil Procedure 74. For the reasons set forth below, the Board's decision is reversed.

## Background

ACT is a roofing company owned by Adam Patten. On September 13, 2023, ACT was engaged to do roofing work at a property in Newport. Dennis Descheneau was working on the job installing flashing. At the time of his fall, Dennis was working on the roof. It began raining, Dennis lost his footing, fell, and broke his back. There were no guardrails or safety nets in place and Dennis was not wearing any fall arrest gear. Such safety gear was present on the worksite, but Dennis had not been told to wear it. Due to high employee turnover, ACT had not provided its employees with required safety training.

The Department subsequently issued ACT two "Repeat-Serious" violations—one for failing to provide a workplace free of known hazards, with serious bodily injury resulting, in violation of 29 C.F.R. 1926.501(b)(13) (the hazard citation); and a second for failing to provide employees with fall protection training, with serious bodily injury resulting, in violation of 29 C.F.R. 1926.503(a) (the inadequate training citation).[1] ACT was fined $9,375 for each violation.

ACT contested the citations, and following a hearing, a Department hearing officer affirmed both violations in a written decision issued September 26, 2024. In his decision, the hearing officer concluded that Dennis was ACT's employee and not an independent contractor or subcontractor. In support of that conclusion, the hearing officer noted that ACT was a roofing company, had hired Dennis to do roofing work, determined the manner and means by which the work would be accomplished, and paid Dennis for the work he did. The hearing officer further concluded that the alleged violations occurred.

---

[1] ACT has been cited for previous violations; hence, these were "repeat" violations.

The VOSHA Review Board subsequently ordered discretionary review of the hearing officer's order. The parties submitted briefing, and on February 5, 2025, the Board issued an order vacating the hazard citation and affirming the inadequate training citation. The Board vacated the hazard citation because it concluded that the Commissioner had waived any argument that ACT was the "controlling contractor" at the worksite such that ACT owed a duty to non-employees, and that the evidence was insufficient to support the hearing officer's conclusion that Dennis was an employee of ACT as opposed to an independent contractor.

The Commissioner timely appealed the Board's order and requests that the court reinstate the hazard citation and penalty.

### Analysis

On appeal, the court must affirm the Board's factual determinations if supported by substantial evidence. *Comm'r of Lab. v. Eustis Cable Enters., LTD*, 2019 VT 2, ¶ 8, 209 Vt. 400; 21 V.S.A. § 227(a) ("The findings of the Review Board with respect to questions of fact, if supported by substantial evidence on the record considered as a whole, shall be conclusive."). The court reviews questions of law de novo.

On appeal, the Commissioner argues that the Board erred by concluding that (i) the Commissioner had waived the "controlling contractor" issue, and (ii) the hearing officer's finding regarding Dennis's employment status was not supported by substantial evidence.

With respect to the first argument, the Commissioner argues that a distinction exists between a "general duty" and a "specific duty" citation. Vermont's Occupational Health Safety Act (VOSHA) is patterned after its federal counterpart (OSHA). *Green Mountain Power Corp. v. Comm'r of Lab. & Indus.*, 136 Vt. 15, 24 (1978). "VOSHA adopts as state standards all federal standards applicable to employment in the state." *Id.* (citing 21 V.S.A. § 201(c)(2)). "And, as with OSHA, employers have dual duties under VOSHA." *Id.* "Each employer has a duty to comply with specific standards promulgated, and a general duty to furnish his employees with a place of employment that is 'free from recognized hazards that are causing or are likely to cause death or significant physical harm to his employees.'" *Id.* (quoting 21 V.S.A. § 223(a)). In other words, an employer has both "a general duty running only to an employer's own employees," and if the controlling contractor at a multi-employer worksite, "a specific duty to comply with standards for the good of all employees" at the site. *Solis v. Summit Contractors, Inc.*, 558 F.3d 815, 818 (8th Cir. 2009); *Universal Const. Co. v. Occupational Safety & Health Rev. Comm'n*, 182 F.3d 726, 728 (10th Cir. 1999).

The Commissioner argues that the hazard citation was a "specific duty" citation insofar as it was for a violation of a specifically promulgated regulation, namely, 29 C.F.R. 1926.501(b)(13) ("Each employee engaged in residential construction activities 6 feet (1.8 m) or more above lower levels shall be protected by guardrail systems, safety net system, or personal fall arrest system . . . ."). The Commissioner's initial complaint alleged that ACT was the "controlling contractor" at the worksite and was subject to VOSHA/OSHA regulations, which ACT admitted in its answer. The Commissioner argues that, as the controlling contractor, ACT was specifically obligated to

comply with 29 C.F.R. 1926.501(b)(13) for the benefit of everyone working on the job site, regardless of the contractual relationship between the company and the worker.

The Board addressed this argument below and acknowledged that if ACT "was the controlling employer on the worksite, the [Commissioner] could have cited it under VOSHA's multi-employer citation policy," but that the issue was waived because the Commissioner failed to raise it in its citation or at the hearing, and that there accordingly was no evidence in the record to support a determination that ACT was the controlling contractor at the worksite and that the multi-employer doctrine applied. Board Order at 3-4 (citations omitted). But as noted above, the Commissioner's complaint alleged, and ACT did not dispute, that ACT was the controlling contractor at the worksite where Dennis was injured. This factual question was accordingly established by the pleadings and not contested. *See* VOSHA § 2200.34(b)(2) ("Any allegation [in the complaint] not denied [in the answer] shall be deemed admitted."). There was accordingly reason for the Commissioner to have affirmatively presented evidence on this question, or with respect to the nature of Dennis's employment relationship with ACT. Indeed, when ACT's owner, proceeding pro se, continued to press the argument that Dennis was a subcontractor at the hearing, the Commissioner's attorney objected and argued that Dennis's employment status "doesn't matter." Tr. 24.

The court accordingly concludes that the Board erred by determining that the Commissioner waived its argument that ACT was the controlling contractor. That issue was resolved by the pleadings. The court further concludes, as the Board correctly acknowledged, that ACT's status as a controlling contractor required it to comply with Section 29 C.F.R. 1926.501(b)(13) for the benefit of everyone working on the worksite.

Because the Board's decision must be reversed on this basis, the court declines to consider the Commissioner's additional arguments.

## Order

The decision of the VOSHA Review Board is REVERSED and the citation and penalty against A.C.T. Roofing LLC for violating 29 C.F.R. 1926.501(b)(13) is reinstated.

Electronically signed on: 9/24/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge