Filed 02/24/26

VERMONT SUPERIOR COURT

Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-03936

| Maisie Newbold v. Isaiah Donaldson |
|---|

## ENTRY REGARDING MOTION

Title: Motion for Default Judgment (Motion: 1)
Filer: Brian Creech
Filed Date: January 14, 2026

Maisie Newbold filed a complaint for partition on September 10, 2025, and served Defendant Isaiah Donaldson the following week. Donaldson has not appeared, answered or responded to Newbold's motion. Newbold requests an order allowing her to sell the property she and Donaldson own as joint tenants with rights of survivorship. For the reasons that follow, the court GRANTS Newbold's motion (Mot. 1).

## I. Findings of Fact

Based on Newbold's affidavit and supporting documentation, the court makes the following findings by a preponderance of the credible evidence.

In May 2018, Newbold and Donaldson purchased a single-family house in Winooski ("the Property") as joint tenants with rights of survivorship. The Property consists of a 0.15-acre parcel containing a three-bedroom, one-bath, single-story dwelling that the Town of Winooski assessed for the 2025-26 tax year at $403,000. The Property is subject to a mortgage deed securing a note in the original principal amount of $245,000. The outstanding principal of the note as of December 1, 2025, was $203,242.14. According to a UCC Financing Statement dated April 3, 2020, the Property has solar panels that serve as collateral for a loan to purchase the panels, and, as of August 2025, the principal balance of this loan was $22,487.60.

Newbold and Donaldson previously had a romantic relationship. Newbold has since moved out of the Property. Donaldson accepted service of process at the Property in September 2025, and Newbold believes Donaldson continues to reside at the Property. Newbold no longer wants to own the Property.

Newbold has corresponded with Donaldson to try to agree on (1) assigning the Property to him subject to his payment to her of her co-equal share and removing her name from the mortgage, note, and solar loan or (2) selling the Property. The parties have not reached an agreement and cannot divide the Property between them, given the nature of the Property. Newbold seeks the court's permission to sell the Property on the open market, sharing the proceeds with Donaldson, after paying the mortgage note, solar loan, and related expenses.

## II. Discussion

Newbold, as a joint owner of the Property, is entitled to partition. 12 V.S.A. § 5161; *see id*. § 5163 (joint tenant may file partition action in county where property is located by serving complaint and summons on all parties interested in the estate); *Bruner v. Gee*, 2023 VT 49, ¶ 16, 218 Vt. 397 ("[P]artition 'is based upon the principle that no one can be compelled to hold property with another, and it is available to anyone who does hold property in common with another.'") (quoting *Wynkoop v. Stratthaus*, 2016 VT 5, ¶ 19, 201 Vt. 158). "[P]artition in kind is preferable to assignment, and assignment is preferable to sale." *Wilk v. Wilk*, 173 Vt. 343, 347 (2002). When the real estate cannot be divided "without great inconvenience to the parties interested," the court may order the property assigned to one of the parties, provided they pay the other party an equitable amount for their share of the property. 12 V.S.A. § 5174. *See also Wilk v. Wilk*, 173 Vt. 343, 344 (2002) (commissioners concluded one-acre parcel with house and commercial garage could not be reasonably divided between co-owners).

Newbold is willing to assign the Property to Donaldson if he compensates her for her equitable share and removes her name from the mortgage note and solar loan. Donaldson has not cooperated with Newbold to resolve the situation outside of court. He has not filed anything with the court either. "If no party will take an assignment, the court may order the property to be sold." *Bruner*, 2023 VT 49, ¶ 16 (citing 12 V.S.A. § 5175); *accord Wilk*, 173 Vt. at 346–47.

In the case of a default like Donaldson's, "the court shall render judgment that partition be made and appoint three disinterested residents of the county as commissioners . . . to make partition of the estate and set off each share of the several persons interested, according to their respective titles, and shall award to the plaintiff reasonable costs against the adverse party." 12 V.S.A. § 5169(a). The court may also "waive the use of commissioners and have all matters decided by the court at a bench trial." *Id*. § 5169(b).

Newbold has asked the court to waive the use of commissioners and to allow her to sell the Property at market value. The court finds this proposal reasonable for the Property in this case and, absent objection from Donaldson, grants the request. Newbold will bear the burden of proving that the Property's eventual sale price reflects fair market value and that the Property sale took place in a commercially reasonable manner. *Cf. Whippie v. O'Connor*, 2010 VT 32, ¶ 18, 187 Vt. 523, 535 (noting that "the party with the burden of proof on a particular claim of contribution or offset must bear the risk of failing to prove the necessary financial facts").

## III. Order

The court grants Newbold's motion for default judgment (Mot. 1).

Newbold may place the Property on the market for sale no earlier than 45 days after the date of this order.

The court denies without prejudice Newbold's other requests at this time. Newbold has also requested authority to sign a purchase and sale agreement and other relevant documents on behalf of Donaldson, judgment for possession of the Property, and an award of fees and costs.

2

*See Snide v. Burke-Schoff*, No. 734-11-12 Wrcv, 2014 WL 10321329, at *3 (Vt. Super. Ct. Sept. 4, 2014) (Teachout, J.) (statute authorizes allocation of costs in partition actions) (citing 12 V.S.A. § 5169).  The court hopes Donaldson will take a more active role in this case, mooting Newbold's remaining requests.  If he does not, she may renew them.

Electronically signed pursuant to V.R.E.F. 9(d) on February 23, 2026.

Colin Owyang
Superior Court Judge